The opinion of the Court was drawn up by
Appleton, C. J.
The original proceedings in this case were instituted by the Bank Commissioners of this State, upon application to Mr. Justice Cutting, who appointed three receivers, by whom this bill was commenced. The appointment of receivers was in pursuance of R. S., 1841, Act of amendment, § 62, by which it is provided, that any Justice of this Court, upon application by the Bank Commissioners, in case they deem a bank unsafe, " at his discretion, may appoint agents or receivers to take possession of the property and effects of the corporation, subject to such rules and orders as may, from time to.time, be prescribed by the Supreme Judicial Court, or any Justice thereof, in vacation.”
Under this Act, the number of receivers to be appointed in such case is left to the discretion of the Court or of the Justice by whom the appointment is made.
A demurrer was filed to the bill because Samuel Water-house, one of the receivers, was a stockholder and a party defendant. As the rule is inflexible that one cannot be complainant and defendant in the same bill, the demurrer was sustained.
Upon leave to amend being granted, the name of Water-house was stricken out, he being removed or having resigned his trust.
*383 These proceedings having been commenced before the Revised Statutes of 1857 went into effect, by § 2 of the repealing Act of that year, " the Acts declared to be repealed, remain in force * * for the preservation of all rights and remedies existing by virtue of them; and so far as they apply to any * * * right, contract, limitation, or event, already affected by them.” The statutes of 1841 are therefore to control us.
The main question to be determined, is, whether a new receiver should be appointed in the place of Waterhouse, who has ceased to be one, or the bill should be permitted to proceed without such appointment.
By § 62, the persons to be appointed, and their number, is left discretionary with the Court. If any emergency should require it, the number of receivers may be increased or diminished. One may be removed and a substitute appointed, as may be deemed expedient. The power of the Court over this subject matter is not exhausted by the first appointment. The discretionary powers of the Court continue through all the stages of the procedure. It is not limited t® their first exercise. No necessity is shown, or even pretended to exist, for the appointment of a substitute for Waterhouse. The presiding Justice by whom the amendment was permitted, by which his name was stricken out, made none, because we must presume he did not deem it expedient. The bill is consequently sustained and the demurrer must be overruled.
A'motion is made to dismiss the bill as to Nathan Walker, because the service on him was made by one of his deputies, he being the sheriff of this county. But this does not appear to be the case upon examining any of the papers before us, nor has any evidence of its truth been furnished us.
A motion is likewise filed on the part of Samuel P. Brown, that the bill be dismissed as to him. But the truth of the facts upon which the motion is predicated, is not sustained by any testimony whatsoever.
It is not necessary to determine whether these motions *384 were seasonably filed or are sufficient in form and substance, inasmuch as their truth has not been established. They must both be overruled.
A suggestion is made by Eugene Hale, Esq., as amicus curiae, that David Dyer and” Charles Buck, parties defendant, are not residents of this State, and therefore that this Court has no jurisdiction. The motion does not allege that they have no real estate here. Upon this point we are referred to Spurr v. Scovill & al., 3 Cush., 578, as conclusive. But, by the Act of 1855, respecting banks, c. 164, § 7, substantially re-enacted in the revision of 1857, c. 47, § 74, it is provided that, "upon the appointment of receivers in any case, a lien shall exist upon all real estate of each and all of the stockholders, liable for claims against such bank, situate within the State, as fully as if the same were attached under due process of law, which lien shall remain and continue to the end that such real estate, or any interest of such stockholder therein may be seized on execution, or other process granted by the Court and sold or set off in satisfaction of the claims aforesaid, or until such stockholders shall have paid over to, or deposited with the receivers an amount of money equal to his liability.” The- Court therefore have jurisdiction over the real estate of non-resident stockholders to enforce its decrees against such real estate. It is eminently just it should be so. It is admitted by the motion that service of the bill has been made upon them. This Court thus has jurisdiction over the subject matter, and over the.real estate of all the defendants. The bill cannot be dismissed upon a mere suggestion.
3? the non-resident defendants, in reference to whom the suggestion is made, have real estate within this State, that fact, may be inserted by way of amendment, if deemed necessary. Demurrer overruled.

Defendants to answer.

Rice, Cutting, Davis, Kent and Walton, JJ., concurred.