## JOHN H. RILEY AND OTHERS *vs.* THE FIRST NAT-IONAL BANK OF GRAFTON AND OTHERS.

*Equity Practice—Dismissing Parties to the Suit—Estoppel by Decree —Insolvency—Assignment for Benefit of Creditors—Attaching Creditors.*

After certain persons have been made parties, plaintiff and defendant, in an equity suit, by order of the Court, upon a petition of the plain-tiff alleging that they were necessary parties, and subsequent pro-ceedings have been had in the cause, the solicitor of the plaintiff has no authority to file an order with the Clerk directing the dismissal of the bill as to said plaintiffs or defendants, without having previously obtained the sanction of the Court.

And when the bill has been so dismissed, without an order of Court, as to said parties, who were fully advised as to the character of the controversy, they are nevertheless bound by the decree finally passed in the cause.

After A. had executed an assignment for the benefit of creditors, the appellants, creditors of A., sued out attachments on original process. Subsequently a bill in equity was filed to declare the assignment void for fraud, and for the appointment of a receiver. Upon an order of the Court the appellants were made parties to the cause. A. was afterwards adjudicated an insolvent, and his trustee in insolvency was also made a party, and claimed the entire assets. After the demur-rers to the bill were overruled and some of the defendants had answered, the appellants and other creditors who had sued out at-tachments against A. were dismissed from the suit by order of the

solicitor of the plaintiff, who continued the suit in the name of other
creditors.   The Equity Court finally decreed that the assignment was
not fraudulent in fact or in law, but that the title of the trustees
under it yielded to the superior title of the trustee in insolvency, to
whom the assets of A. were transferred.   In the Insolvent Court an
account was stated distributing the assets among all the creditors of
A. *pro rata.*   Appellants excepted on the ground that the assign-
ment was void and their attachments entitled them to priority, the
trustee in insolvency taking the assets subject to the inchoate lien
of the attachments.   *Held,*

1st. That since the appellants were dismissed from the equity suit with-
out authority, they are bound by the final decree therein.

2nd. That the present claim of the appellants could have been set up
in the equity suit, and therefore they are now estopped from making
the same in the Insolvent Court; and the Equity Court having de-
termined that the assignment was not fraudulent, the appellants are
not now entitled to claim that, by reason of the assignment being
void, their attachments gave them priority in the distribution of the
assets.

Appeal from an order of the Circuit Court for Baltimore
County, in insolvency, passed on January 9, 1895, over-
ruling exceptions to an Auditor's Account, which distributes
the assets of the insolvent firm of J. J. Nicholson & Sons
among its creditors *pro rata*, and rejects the appellants' claim
of a priority.

The late firm of J. J. Nicholson & Sons consisted of
Johns H. R. Nicholson and Andrew J. Nicholson, and was
dissolved by the death of Andrew, on January 5, 1892. On
that day and for sometime prior thereto the said firm, and
each member thereof, was insolvent.   On January 14, 1892,
J. H. R. Nicholson, individually, and as surviving partner of
the firm of J. J. Nicholson & Sons, executed an assignment
for the benefit of creditors to Messrs. Carter and Aiken,
trustees.   On January 20, 1892, the appellants, who are
creditors of the said firm, sued out attachments on original
process in the Courts of Baltimore City, against J. H. R.
Nicholson, and caused the same to be laid in the hands of the
trustees under the assignment, and also in the hands of the
trustees of other parties who were indebted to the said firm.
On January 22, 1892, certain creditors of the firm of J. J.

Nicholson & Sons, who had issued attachments, as well as certain creditors who had not done so, filed a bill in the Circuit Court of Baltimore City, alleging that the deed of trust was void, because made to delay, hinder and defraud the creditors of the firm of J. J. Nicholson & Sons and the individual creditors of said J. H. R. and Andrew Nicholson, and asking for the appointment of a receiver. The defendants to the bill were J. H. R. Nicholson in his own right and as surviving partner, the trustees under the deed of trust, and the personal representatives and next of kin of the deceased partner. On January 25, 1892, the creditors of the said firm who had sued out attachments, except those who were parties plaintiff, were made parties defendant by an order of Court passed upon the petition of the original plaintiffs.

On February 24, 1892, J. H. R. Nicholson was adjudicated by the Circuit Court for Baltimore County to be an insolvent debtor under a petition filed against him on February 9th, upon the ground that he, being a banker, suspended payment of his negotiable paper and never resumed payment of the same. Samuel D. Schmucker was first made preliminary, and subsequently permanent trustee of the said insolvent's estate, as well that which he held in his own right as that which he held as surviving partner of the firm of J. J. Nicholson & Sons, and the assets distributed by the Auditor's Account in this case are substantially the same which passed to the surviving partner at the time of dissolution.

On March 31, 1892, the plaintiffs in the case in the Circuit Court of Baltimore City, amended their bill by alleging the adjudication in insolvency of J. H. R. Nicholson, and thereupon Samuel D. Schmucker, the permanent trustee was made a party defendant. On April 12, 1892, the plaintiffs again amended their bill alleging that the deed of trust was an act of insolvency and void under Article 47 of the Code. The permanent trustee in insolvency filed an answer asserting title to the assets, for the reason that the deed of trust was void under the insolvent law, and also for the

reason that, even if not void, the deed was not to be treated as an absolute conveyance, but as a lien which would follow the assets to his hands.   The Circuit Court of Baltimore City, on July 11, 1892, sustained the demurrer which had been interposed by the trustees under the deed of trust and dismissed the bill of complaint.   From this order an appeal was taken, and the Court of Appeals, on January 13, 1893, remanded the cause for further proceedings in conformity with their opinion reported in *Riley* v. *Carter*, 76 Md. 581.

On March 2, 1893, the Circuit Court of Baltimore City overruled the demurrers to the bill, and on the following day the trustees under the deed of trust and the personal representatives of the deceased partner filed their answers. On March 9, 1893, all the creditors who had sued out attachments, plaintiffs as well as defendants, were dismissed from the suit by the order of the plaintiffs' solicitors ; but the same counsel continued thereafter to conduct the suit in the name of certain co-plaintiffs who were general creditors of the firm of J. J. Nicholson & Sons.   Afterwards the general replication was filed and testimony taken.   The Circuit Court made a decree on September 28, 1893, by which it was adjudged that the deed of trust was not fraudulent in fact or in law, and that it operated to convey the property to the trustees, Carter and Aiken, but that their title yielded to the superior title of the permanent trustee in insolvency, and further directed the trustees under the deed of trust to deliver the assets to the permanent trustee in insolvency, which was accordingly done.   The trustee in insolvency intervened as claimant in all of the attachment suits and procured judgments in his favor as such claimant, whereby the litigation under the attachments was transferred to the Insolvent Court, and to the proceedings from which this appeal was taken.

By an Auditor's Account filed on September 1, 1894, the net assets of the estate, amounting to $95,941,36, were distributed *pro rata* among all the creditors who had proved their claims.   The appellants excepted to this account,

claiming that by their attachments they had acquired an inchoate lien upon the funds, which consequently passed to the hands of the permanent trustee impressed with the same lien, and that the deed of trust to Carter and Aiken was fraudulent in fact and interposed no bar to condemnation under the attachments.    From an order of the lower Court (FOWLER, C. J., and BURKE, J.), overruling the exceptions, the present appeal was taken.

The cause was argued before ROBINSON, C. J., BRYAN, MCSHERRY, PAGE, ROBERTS and BOYD, JJ.

*Richard S. Culbreth* (with whom was *William J. O'Brien, Jr.*, on the brief), for the appellants.

The surviving partner is not a trustee for creditors and is not required to distribute assets of the firm among its creditors without priority or preference.    General creditors have no lien upon such assets.    *Parsons on Partnerships*, 4th ed., sec. 345, p. 437, N. 1 ; *Bates' Law of Partnerships*, 2 vol., secs. 734, 929 ; *Lindley on Partnerships*, 2 vol., p. 1298, N. and 1300 N ; *Emerson* v. *Senter*, 118 U. S., 7–9 ; *Berry, garn.* v. *Harris, admin.*, 22 Md. 40.

Liens can be acquired by attaching creditors within four months prior to the commencement of insolvency proceedings.    *Thomas* v. *Brown*, 67 Md. 512.

This is not a case where the plea of *res adjudicata* will lie:

(1.) Because the appellants were not actual parties to the case of *Riley et al.* v. *Carter et al.*, in the Circuit Court of Baltimore City, when the decree was passed therein, they having been dismissed or having withdrawn therefrom before the general replication was filed.

(*a.*) As to the attaching creditors, who were made parties defendant by order of Court dated January 25, 1892, none of them ever filed answers in the case.    This being a proceeding upon a creditor's bill, they were not parties until they had filed their claims in the case.    There was no notice to creditors bringing in all.    *Hall* v. *Ridgely*, 33 Md. 310.

They were dismissed from the cases before answers were required of them. Had they filed answers they might well have objected to the jurisdiction of the Court. They could not be brought into an equity proceeding, and thus deprived of their right to a trial by jury in their attachment cases. It was their undoubted right to have their attachment cases tried by a jury. *Farrell* v. *Farnen*, 67 Md. 83.

The attachment cases having been instituted in the law Courts prior to the institution of the proceeding in equity, those Courts will retain jurisdiction, notwithstanding equity may have a concurrent jurisdiction. *Brooks* v. *Delaplaine*, 1 Md. Ch. 351 ; *Jenkins* v. *Simms*, 45 Md. 357. To be *res adjudicata* the decree must have been between the same parties, relating to the same subject-matter. *Royston* v. *Horner*, 75 Md. 564. In this case it is not. The s ues are not the same as those determined in the Circuit Court; they are not *ad idem.* The cases were not instituted for the same purpose, and cannot possibly accomplish the same result. One condemns a fund for the benefit of the appellant; the other vacates a deed for the benefit of all creditors. The parties are not the same, no attaching creditors being parties to case in Circuit Court when testimony was taken and decree passed. The decree binds the parties to the suit, and those represented by them, and no other parties. *State* v. *Brown, trustee,* 64 Md. 205. It is very clear that attaching creditors cannot be brought into equity against their will, and be thus deprived of the benefit of their proceedings at law. This was expressly decided in case of *National Park Bank* v. *Lanahan,* 60 Md. 512 ; *Inloe's case,* 7 Md. 388.

(*b.*) As to the appellants attaching creditors who became parties plaintiff in the case of *Riley et al.* v. *Carter et al.,* they withdrew from the case by order of plaintiff's counsel filed before the general replication was filed and consequently before any of the testimony was taken. A creditor is not compelled to elect as to whether he will attach at law or file a bill in equity. He can pursue the concurrent remedies. *Foley* v. *Bitter,* 34 Md. 646.

His going into equity in no way precludes his right of continuing his suit at law unless a decree in equity, passed in the proceeding to which he is a party, determines the same issue he seeks to have determined at law. But this cannot be if he is not a party to the equity cause when testimony is taken and decree passed. He has the right to control his own case and to withdraw from it, or to dismiss it at any time before decree is passed. If he remains a party to the equity cause, thereby practically abandoning his case at law, and the Court vacates the deed and decrees a distribution, he loses any inchoate lien he might have acquired under his attachment. *Rhodes* v. *Amsink*, 38 Md. 345. It is idle to say that a plaintiff is not compelled to elect, and can pursue concurrent remedies, if he cannot abandon either at his option before final judgment. In this case the appellants withdrew or were dismissed, after " demurrer had been overruled," a decision which, so far as it went, was in their favor. A plaintiff may withdraw from case after opinion has been filed sustaining demurrer to his cause of action, and before formal order passed sustaining demurrer, and can renew action. *Staylor* v. *Jenkins*, 70 Md. 472.

(2.) Because the appellants were not parties to the case in the Circuit Court by representation. (3.) Because the decree of that Court is not a decree *in rem*.

Certain creditors of J. J. Nicholson & Sons claimed that the assignment for the benefit of creditors made by Johns H. R. Nicholson, surviving partner, to Messrs. Carter and Aiken, was void for fraud, in fact ; this the defendants, Carter and Aiken, denied, maintaining the *bona fides* of the deed. Samuel D. Schmucker, insolvent trustee, filed an answer in the case, which was practically a claim of property, in which he claimed that the entire assets of Nicholson should be decreed to be passed over to him, as insolvent trustee, the said deed being in contravention of the terms of the insolvent law, and thus being void at the instance of the insolvent trustee. The Circuit Court by its decree decided that

the said deed was not fraudulent in fact or in law, and sustained the claim of the insolvent trustee by decreeing that the title to the assets of Nicholson should be vested in him, and that the said deed was void as against the insolvent law. The assets passed into the hands of the insolvent trustee, subject to the inchoate liens which the appellants had acquired by their attachments. No issue had been determined as to them. And it is respectfully submitted that they have the right in the Insolvent Court to perfect the inchoate lien thus acquired. *Buschman* v. *Hanna*, 72 Md. 1. And to have a jury pass upon the issue of fact as to the fraudulent character *vel non* of the said deed.

*Charles Marshall* and *Samuel D. Schmucker* (with whom were *Frank Woods*, *George Whiteloek* and *R. R. Boarman* on the brief), for the appellees.

1. Partnership creditors, although they have no direct lien upon firm assets, have a quasi or derivative lien which equity will recognize and enforce to require such assets to be applied to the *pro rata* payment of their debts. 2 *Bates on Partnership*, sections 820, 737, 1117; 1 *Lindley on Partnership*, 352; *Johnson* v. *Matthews*, 32 Md. 363; *Hurst* v. *Hill*, 8 Md. 399; *Glenn* v. *Gill*, 2 Md. 16; *Thompson* v. *Trist*, 15 Md. 26; *Gable* v. *Williams*, 59 Md. 318.

2. Appellants are concluded by the decree of the Circuit Court of Baltimore City from now contending that the deed of trust was fraudulent in fact. This decree determined that the deed was *not fraudulent*, and that it conveyed title to the grantees therein; and that their title passed from them to the insolvent trustee. Inasmuch as the attachments of the appellants were not issued until some days after the execution of the deed of trust, it follows, of course, that they can claim no lien by virtue of their attachments, unless they can succeed in having the deed of trust declared fraudulent and void *ab initio*. Their 5th and 6th exceptions admit this proposition. The appellants are estopped by the decree in *Riley* v. *Carter*, because

(*a.*) They were parties to that case and could have prosecuted or defended the issue there made of the *bona fides* of said deed of trust, and could have appealed from the decision of the lower Court. The estoppel on this ground is especially strong, because the leading exceptant, Riley, was himself one of the plaintiffs in the case of *Riley* v. *Carter*, and the counsel for appellants in the present appeal conducted the litigation on behalf of the plaintiffs in *Riley* v. *Carter*, and themselves led and managed the attack there made upon the *bona fides* of said deed of trust. Being in the position which the record shows them to have occupied in that case, the appellants could not, by the mere order of their counsel, without the permission of the Circuit Court of Baltimore City, so discharge themselves from the case, so as to escape being bound by the decree therein, and be at liberty to reopen and litigate afresh the questions which were there decided by the Court. I *Beach Modern Eq. Pr.*, section 460; I *Daniel Chy. Pr.*, sections 790, 793; *American Zylonite Co.* v. *Celluloid Co.*, 32 Fed. R. 809; *Electric Accumulator Co.* v. *Brush Co.*, 44 Fed. R. 602; *Conner* v. *Drake*, I Ohio State, 166; *Stevens* v. *The Railroads*, 4 Fed. R. 97.

(*b.*) The appellants were parties to that case by representation in the person of the trustees under the deed of trust. That suit was brought for the purpose of determining the legal status of the property described in or sought to be conveyed by the deed of trust. And the Court decided in that case that the title to the property attached was not in the insolvent, but in the trustees under the deed of trust when the attachments were laid. *Mitford's Equity*, [167], 194, in ed. of 1876, page 259; *Story's Eq. Pl.*, sections 149, 207*a*, 207*b*, 216; *Kenison* v. *Stewart*, 93 U. S. 155; *Russell* v. *Lasher*, 4 Barb. 232; *Code*, Art. 16, sec. 160.

(*c.*) There is ample authority in Maryland for saying that even if appellants are not to be regarded as having been parties in the strict sense, either in person or by representation, to the case of *Riley* v. *Carter*, they are still estopped

by the decree of the 28th of September, 1893, passed therein, because it is apparent from the record that they had full knowledge of the pendency of that suit and of the issues raised thereby, and had the right to be made formal parties thereto upon their own application. *Cecil* v. *Cecil,* 19 Md. 79; *Ches. & O. Canal Co.* v. *County Comrs.* 57 Md. 225; *Parr* v. *Cockey,* 71 Md. 235; *Albert* v. *Hamilton,* 76 Md. 311.

3. The fact that the deed of trust was voidable at the suit of the insolvent trustee, and was in fact, by said decree of 28th September, 1893, avoided at the suit of said insolvent trustee, did not let in the attachments of the exceptants or give them any lien or validity which they did not have at the time they were laid. It is the policy of the insolvent law of Maryland to avoid deeds of trust (made under the circumstances of the present case), for the sole purpose of bringing the assets of the insolvent under the jurisdiction of the Insolvent Court, to the end that a *pro rata* distribution thereof may be made in that case among his creditors. It would be contrary to equity, and would defeat the main purpose of the insolvent law to permit its operation in this case upon said deed of trust to give to the appellants, by virtue of their attachments, a preference over the other creditors of the insolvent, which, but for the operation of the insolvent law on said deed, the appellants would not have had. *Reed* v. *McIntire,* 98 U. S. 507.

4. The decree of the Circuit Court determined that an act of insolvency had been committed by J. H. R. Nicholson before he made the deed of trust. It is submitted that after he had, by such act, set in motion the insolvent law, it was not competent for him or any of his creditors to thwart or defeat the operation of the law; provided it was invoked, as it was in this case, by creditors, within four months after the commission of the act of insolvency. *Riley* v. *Carter,* 76 Md. 612; *Pfaff* v. *Prag,* 79 Md.

ROBERTS, J., delivered the opinion of the Court.

Some of the preliminary stages of this ·controversy will be found to have received consideration in the case of *Riley* v. *Carter and Aiken, trustees,* reported in 76 Md. 581. In that case, the decree was neither affirmed nor reversed, but the case was remanded for further proceedings under Art. 5, sec. 36 of the Code, in accordance with the views of this Court therein expressed. After the case had been remanded the Circuit Court of Baltimore City overruled the demurrer to the bill of complaint, and the defendants therein answered the same. At this juncture the counsel for plaintiffs filed orders with the Clerk of that Court directing him to enter the case dismissed as to· all of the attaching creditors, but the same counsel continued in the management of the case representing certain co-plaintiffs, who were general creditors of Nicholson & Sons, and conducted said case to final decree. The legal effect of the manner adopted by counsel in seeking the dismissal of the attaching creditors as parties to said proceeding is a question on this appeal to be hereinafter considered. In the further progress of the case in the Circuit Court of Baltimore City, replications were filed to the answers, and the case was heard upon the pleadings and testimony. The Court, by its decree, declared that the deeds of trust which had been executed by Johns H. R. Nicholson to Carter and Aiken, trustees, were *not fraudulent in law or in fact* as against the creditors for whose benefit the same were executed, but as against the claim of the permanent trustee in insolvency they were void and inoperative ; and said Carter and Aiken, trustees, were directed to deliver to said trustee in insolvency all the assets and property conveyed to them by said Nicholson, which they did. In accordance with the practice sanctioned by this Court in *Buschman* v. *Hanna,* 72 Md. 1, the trustee in insolvency intervened as claimant in all of the attachment suits and procured judgments in his favor, whereby the litigation under the attachments was transferred to the Insolvent Court for its decision. The trustee in insolvency, in accordance with

legal requirement, transferred the assets received by him from Carter and· Aiken, trustees, to the. Circuit Court for Baltimore County, for distribution, where Nicholson had been declared an involuntary insolvent. An audit having been filed in said insolvent case, which distributed the assets thereof *pro rata* and without preference to the creditors who had proved their claims in said case, the attaching creditors filed objections to the final ratification of the Auditor's Account, on the ground that they were severally entitled to priority in the distribution of said assets and should not be dealt with upon the same equality as that of general creditors of said Nicholson & Sons ; and further, because the said deeds of trust were fraudulent in fact and presented no legal bar to their right to have judgments of condemnation entered in said attachment suits which would establish their right to preference in payment out of said trust fund.

The Circuit Court for Baltimore County overruled the objections to the Auditor's Account and ratified the same, and this appeal is taken from the order of that Court. Many interesting questions arise on this appeal, but it will not be necessary to give all of them consideration. Those which are requisite to a proper determination of the rights of the parties are few, but not free of some difficulty.

It will be proper in the first instance to consider the legal status of those attaching creditors, who, through the intervention of the plaintiffs below, had been made parties defendant in *Riley and others* v. *Carter and Aiken, trustees,* by· an order of the Court based upon a petition of the plaintiffs, in which it is averred that, in consequence of said attachments, they were *necessary* parties. Nothing in the progress of the case occurred to render them less necessary parties, so far, at least, as the reasonable purposes of the cause indicate; yet, after having remained parties litigant during the progress of this case on the appeal in 76 Md. 581, and until the demurrer filed to the bill of complaint had been overruled, plaintiffs' counsel, without the authority

of the Court in which the case stood for hearing, filed with the Clerk of that Court two orders of the same date, one of which sought to dismiss the bill as to certain plaintiffs, and the other order sought to deprive the case of not less than sixty defendants by dismissing the bill as to them. This statement suggests a question of importance in the practice of Courts of Equity in this State, and one of consequence to the decision in this case. We have given it careful consideration, and we all agree that after the case had progressed to the extent it had, counsel for plaintiffs had no authority to file an order with the Clerk of the Court directing the dismissal of the bill as to certain plaintiffs or defendants, without having previously obtained the permission of the Court to make such an order. We cannot conceive of a practice better calculated to lead to unsatisfactory results than that followed in this case. After a bill has been filed and proceedings had under it, when counsel have appeared and costs have been incurred, it would be an unfair advantage to allow to the plaintiffs' attorney the right to dismiss his client's complaint as to parties, either plaintiff or defendant, without the previous sanction of the Court. Our practice of allowing amendments as to parties, would be practically nugatory and without purpose if the mode pursued in this case were to obtain.

Mr. Daniel, in his work on *Chancery Pldg. and Pr.* 790, says, "When there has been any proceeding in the cause, which has given the defendant a right against the plaintiff, the plaintiff cannot dismiss his bill as of course ; thus, where a *general demurrer has been overruled* on argument, Lord Cottenham was of opinion that the plaintiff could not dismiss his bill as of course." *Wiswell* v. *Starr,* 50 Me. 384; *Camden and Amboy R. R. Co.* v. *Stewart,* 4 C. E. Green, (19 N. J. Eq.) 69. As having some bearing on this subject, it will be found by reference to the case of *Roberts* v. *Gibson, extr., et al.,* 6 H. & J. 117 (1826), that the names of certain parties had, by methods somewhat similar to those adopted in this case, been stricken out of the bill, but Kilty,

Chancellor, said, " that, with respect to the parties, he must consider those originally named as being *still the complainants*, notwithstanding the writing filed by one and the deposition by another, *inasmuch as they had not applied to the Court to be struck out of the bill.*" What would be the inevitable result if a practice different to that just indicated were allowed to prevail? Courts could never know with certainty ·who the parties actually were at any particular stage of the case, without looking to the record of proceedings to ascertain the fact whether the plaintiff's attorney may not have allowed a few plaintiffs and as many defendants permission to retire from the case, since the cause was last before the Court. The legal status of those creditors whose names appear in the two orders hereinbefore mentioned, and who sought thereby to escape the effect of the decree finally passed in said cause, has been in no respect changed or affected, but they are, for all legal purposes, concluded to the same extent as if said orders had not been filed with the Clerk of said Court, professing to dismiss the bill as to them. But independently of the views expressed, we have here a list of attaching creditors who were parties to the cause and fully advised of the nature and character of the controversy, who continued as such as long as they thought it beneficial for them to do so, and when they had reached a certain stage in the progress of the cause, the plaintiff's counsel, without the sanction of the Court, filed his order with the Clerk of the Court dismissing the bill as to said parties. Here is a case in which the creditors named had been by order of Court made parties because they were necessary to a just determination of the interests of all parties concerned. To tolerate such a practice would be, in· effect, a substantial denial of the doctrine so often recognized by the Court, "that persons who are directly interested in the suit and have knowledge of its pendency, and who refuse or neglect to appear and avail themselves of their rights, are concluded by the proceedings as effectually as if they were parties named in the record." *Albert* v.

*Hamilton,* 76 Md. 311 ; *Robbins* v. *Chicago,* 4 Wall (S. C.) 672 ; *Parr* v. *Cockey,* 71 Md. 233. It follows from what has been said, that the attaching creditors are estopped from setting up in the Insolvent Court any defence, which was appropriate for them to have interposed in the Circuit Court of Baltimore City, or of now controverting any question which has been settled and determined by the decree of that Court. If they were aggrieved by the action of the Circuit Court of Baltimore City, an appeal to this Court was open to them. There are other questions in the record which do not now demand consideration and are not requisite to the decision of this case.

The order of the Court below, overruling the objections to the audit and ratifying the same, must be affirmed.

*Order affirmed with costs.*

(Decided March 26th, 1895.)