## NELLIE K. BENNETT *vs*. WILLIAM A. BENNETT.

*When caveator not entitled to dismiss caveat.*

After a petition for a caveat to a will has been answered and issues
have been sent to a Court of Law for trial, the caveator has no right
to dismiss the proceedings, against the objection of the caveatee and
without the consent of the Court, for the purpose of filing a new caveat.

*Decided May 17th, 1907.*

Appeal from the Court of Common Pleas (HARLAN, C. J.)

The cause was argued before BRISCOE, BOYD, PEARCE,
and SCHMUCKER, JJ.

*William J. O'Brien, Jr.*, and *Wm. Milnes Maloy*, for the ap-
pellant.

This case is important to the appellant, in that, from the
facts shown by the record an attempt is being made by the
plaintiff to prevent forever the probate of the will, in order
that the defendant may be deprived of the property left her
by her late husband. This case is important to the bar and
to the public, in that, if it be determined that the plaintiff has
a right to dismiss the issues in the face of a protest from the

defendant, litigants who contest wills with other than *bona fide* motives will be afforded a means of preventing forever the probate of a will, and the settlement of an estate.

It will be seen that a will could never be probated and that the law would afford no redress. No will * * * shall be subject to caveat * * * after the expiration of three years from its probate. Code, Article 93, sec. 335.

The notice of caveat was filed before probate, and the second notice was given before the will could be probated.

When a caveat to a will is filed before the same has been admitted to probate, the Orphans' Court has no power to admit the will to probate until the caveat has been disposed of. *Keene* v. *Corse*, 80 Md., 20.

The penalty of costs which in most cases is a sufficient deterrent to the institution of groundless suits, affords no protection where family differences or sinister motives give rise to the litigation. In the case at bar, the plaintiff is ready and willing to pay costs. He gave notice of another caveat before the will could be probated, and before the defendant knew that the order of dismissal had actually been filed.

The appellee relied upon and the Court below followed the cases of *Price* v. *Taylor* and *Price* v. *Moore*, reported in 21 Md. at pages 356 and 366. In the former case there was a *bona fide* order of dismissal and abandonment of the contest so far as the caveator was concerned. The Court says, "we do not intend to say however that parties plaintiff would always have the right to dismiss issues without trial." From the latter case I gather that the new proceedings were brought by Moore and not by Mrs. Taylor, the caveator in the previous case. In the latter case the only point decided by the Court is that a probate in solemn form differs from probate in common form and that probate in common form is not conclusive.

In *Swinburne on Wills*, (A. D. 1742) at pages 448 and 449, the difference between these two forms is stated thus, "the difference such as have an interest are not cited to be present at the probate of the will." * * * Which differ-

ence of form worketh this diversity of effect; that the executor of a will proved in the absence of them who have an interest, may be compelled to prove the same again in the due form of law." We regard the cases in 21 Md. as not in point.

*Levy* v. *Levy*, 28. Md., 25, is another case relied upon by the appellee. While the language in this case in some instances is broader than warranted by the principle laid down, it should be noticed that the Court had before it for decision the propriety of two orders passed by the Orphans' Court, and with the decision on these two points, we heartily agree. The issues had been dismissed in the Law Court without objection, (which differentiates it from the case at bar); and the Court of Appeals held only that after an order dismissing issues (without objection) a new petition and caveat could be filed. The Court states "the penalty of costs imposed upon the parties dismissing the issues, will, in all probability prevent them from using this right for the purpose of vexation and delay."

The imposition of costs may be a sufficent remedy in cases where caveats are filed after probate, but not in cases where a caveat is regularly and successively filed before probate as in our case, for the proceeding could be used at little expense to prevent forever the probating of a will or a settlement of the estate, until the caveatee acceded to the wishes of the caveators. It will be seen that JUDGE ALVEY was impressed by the argument of Mr. Wallis, and filed a dissenting opinion in this case.

Where issues are sent to a Court of law for trial, the case is not like an ordinary suit, the proceeding is *in rem*. The form of the proceeding is such, that both plaintiff and defendant bear the burden of proof. The action of the Orphans' Court in making the caveator plaintiff, and the caveatee, defendant, could with reason and logic, so far as the factum is concerned, be reversed, and in some jurisdictions, the form of procedure is actually the reverse. Under our procedure the caveatee must prove the factum of the will. In the case at bar, when the plaintiff attempted to dismiss the issues (against protest) he was dismissing a proceeding in which the defendant had

the burden of proving the factum of the will. *Brooke* v. *Town-send*, 7 Gill, 10; *Yingling* v. *Hesson*, 16 Md. 112; *Edelen's case*, 6 Md. 288; *Higgins* v. *Carlton*, 28 Md. 115; *Stockdale* v. *Cullison*, 35 Md. 322.

This distinction is shown by the cases that have arisen in other commonwealths.

The factum and validity of a will, present different issues and aspects. *Hinkley on Testamentary Law*, page 255, citing *Brook* v. *Townsend*, 7 Gill, 10, and *Yingling* v. *Hasson*, 16 Md. 120.

The very case that we are arguing has arisen in other States, but it is true that in some of these commonwealths, the caveatee is made plaintiff. "The proceeding is not like any ordinary action or special proceeding to which regularly there are parties, plaintiff or defendant, nor is the purpose of it to litigate a cause of action which the plaintiff may abandon or withdraw from the Court by suffering a judgment of *non pros*, or otherwise. It is a proceeding *in rem* to which, strictly speaking, there are no parties * * *. The appellant could not suffer a judgment of non-suit as they undertook to do." *Hutson* v. *Sawyer*, 104 N. Car. 1.

"In a proceeding to contest the validity of a will the Court should take proof and establish or reject the will. The contestant cannot in such case take a voluntary non-suit or dismissal." *McMahon* v. *McMahon*, 100 Missouri, 97.

"When the validity of a will offered for probate is contested, a plaintiff cannot take a voluntary non-suit or dismissal, and the Court must take proof and establish or reject the will." 6 *Ency Pl. & Pr.*, 867.

"In proceedings to establish a will, those in the affirmative cannot take a non-suit, and that it is the right of the contestant to insist on a verdict. *Benoist* v. *Murin*, 48 Mo. 48 (citing *Pegg* v. *Warford*, 4 Md. 385).

The reasons of the rule laid down in the above cases and which we contend should be applied to the case at bar, are well set out in *St. John* v. *Callender*, 4 Iredell, Law (North Carolina) 335, and in *Roberts* v. *Trawish*, 13 Ala. 68.

The right to dismiss a suit is not absolute.  *Riley* v. *First National Bank*, 81 Md. 14; *Berry Will Case*, 93 Md. 592; 14 *Cyc.*, 394, N. 17; 14 *Cyc.*, p. 406D; *Andrews* v. *Central Bank*, 77 Md. 21; *Chappell* v. *Chappell*, 86 Md. 532, p. 534; *Miller on Equity*, paragraph 102, p. 132.

*E. L. Painter*, for the appellee.

The appellee, being the only party plaintiff appearing in the case in any Court, held an undoubted right to dismiss the issues.  *Price* v. *Taylor*, 21 Md. 364; *Levy* v. *Levy*, 28 Md. 32; *Diffenderffer* v. *Griffith*, 57 Md. 86; *Price* v. *Moore*, 21 Md. 367.

The whole proceedings in caveat and issues are held to be entirely the creation of statute; and while the cases so diligently collected by the counsel for the appellant, bear more or less indirectly upon the question at issue, the decisions of the cases cited from Courts of other States, must rest almost wholly upon the interpretations of local statutes, and can hardly have much force on the line of decisions of this Court, as quoted above.

And no sufficient reasons have been adduced whereby the law as established by Maryland cases, should be so suddenly and greatly unsettled.

In conclusion, the appellee submits: that the entry of case dismissed, was properly made by the Clerk of the Court of Common Pleas, and the same Court was without jurisdiction to entertain the motion *ne recipiatur* filed later in the same day as the order to dismiss.

Further that the motion being founded on allegations outside of the record in the case, could not be considered under the rules of the lower Court.

SCHMUCKER, J., delivered the opinion of the Court.

It appears from the record in this case that Henry C. Bennett, late of Baltimore County, died on December 28th, 1903, leaving the appellant as his widow, but no children.  One week thereafter a paper purporting to be his last will and on

its face duly executed and attested as such was offered for pro-
bate in the Orphans' Court for Baltimore County.   On the
same day, but before the offer of the will for probate, the ap-
pellee, who is a nephew of the testator, filed a caveat to it which
was answered by the appellant on March 1st, 1904.

On petition of the caveator issues were framed and sent for
trial to the Circuit Court for Baltimore County on March 1st,
1905, the caveator being designated by the Orphans' Court as
plaintiff.   The proceedings were removed to the Circuit Court
for Howard County on August 1st, 1905, on the suggestion
of the caveator that he could not have a fair trial in Baltimore
County and on the 2nd of February, 1906, they were removed
to the Court of Common Pleas of Baltimore City, upon the
suggestion of the caveatee that she could not have a fair trial
in Howard County.

On January 23rd, 1907, the caveator's attorney filed in the
office of the Clerk of the Court of Common Pleas an order,
entitled in this case, to "enter the above entitled case dis-
missed."   On the same day the caveatee filed in the case a
petition and motion of *ne recipiatur* as to the order of dismissal.
This petition was answered by the caveator and upon a hear-
ing of the matter the Court passed an order overruling the
motion and dismissing the petition, and the caveatee appealed
from the order.   Before the passing of the order appealed
from the caveator gave notice to the Orphans' Court of Balti-
more County of his intention to file another caveat to the will.

The single issue raised by the appeal is whether the cav-
eator was entitled to dismiss the caveat, at the stage of the
proceedings at which he filed the order for that purpose, with-
out the consent of the caveatee.   The precise question of the
extent of a caveator's right to dismiss the entire proceedings
upon a caveat filed by him against the objection of the cav-
eatee, after an answer has been filed to the caveat and issues
sent to a Court of law for trial, has not we believe been passed
upon by this Court.   There have been however a number of
cases decided by us sufficiently similar to the one at bar to
throw much light upon the principles involved in its determi-
nation.

The right of the plaintiff as a general rule in an action at law to dismiss the case or suffer a non-suit at any time before verdict has long been recognized, but in suits in equity this Court, in the case of *Riley* v. *The First Nat'l Bank*, 81 Md. 26, held after careful consideration that the plaintiff had no such unrestricted right of dismissal. It was said in that case "After a bill has been filed and proceedings had under it, when counsel have appeared and costs have been incurred, it would be an unfair advantage to allow the plaintiff's attorney the right to dismiss his client's complaint as to parties either plaintiff or defendant without the previous sanction of the Court." In support of the views thus expressed the Court cited *Daniels Chy. Pldg. & Prac.*, 790; *Wiswell* v. *Starr*, 50 Me. 384, and *Camden & Amboy R. R. Co.* v. *Stewart*, 4 C. E. Green (19 N. J. Eq.) 69.

In *Price* v. *Taylor*, 21 Md. 356, where issues upon a caveat to a will were dismissed up the *ex parte* order of the caveator, filed in the Court of law where they had gone for trial, the Court, in discussing his right to discontinue the proceeding, applied to the case the ordinary rule in actions at law that the plaintiff may discontinue the suit at any time by a written order to the clerk to that effect. But in that case the Court said, in its opinion on p. 364, "We do not intend to say however that parties plaintiff would always have the right to dismiss issues without trial * * *." In *Levy* v. *Levy*, 28 Md. 21, the Court, relying on the decision in *Price* v. *Taylor*, *supra*, again applied to issues under a caveat to a will, the rule applicable to actions at law and held that a caveator might dismiss the issues upon the caveat by an order to that effect filed in the case. It is to be observed however that neither in *Price* v. *Taylor* nor *Levy* v. *Levy*, did the caveatee object to or attempt to prevent the dismissal of the issues or show cause why it ought not to have been permitted.

In the *Berry Will case*, 93 Md. 560, we have for the first time an attempt by a caveator to dismiss issues, *over the objection of the caveatee*, in the Court of law to which they had been sent for trial. The lower Court in that case permitted

the dismissal and this Court upon appeal reversed the action of the lower Court. It is true that Berry's case differs from the one at bar in that there the effort was to dismiss only certain ones and not all of the issues and that the effort was made during the trial of the case after the jury had been sworn, but the reasoning there employed by the Court applies with great force to the situation presented by the record now before us. We said in Berry's case: "The right of a plaintiff to discontinue a case after it has been instituted is not absolute. *Riley* v. *First Nat'l Bank, Grafton*, 81 Md. 14. 'We don't intend, however, observed this Court in *Price* v. *Taylor*, 21 Md. 365, "to say that parties plaintiff could always have the right to dismiss issues without trial." In *Pegg* v. *Warford*, 4 Md. 385, it was held that the Orphans' Court had no power to revoke an issue which had been sent to the Superior Court for trial, but, "that by *consent of the parties* to the proceeding" the issues may be abandoned in the Court of law where they are pending for trial, and others may be framed by the Orphans' Court." After observing that it would be subversive of sound policy in the administration of justice to permit the caveators to dismiss a portion of the issues during the trial of the case, as was there attempted to be done, it is further said in the opinion in Berry's case: "The issues having been made up by the Orphans' Court and having been sent to a Court of law for trial *neither side to the contest has control of them* and unless they are disposed of by consent or are all dismissed they must be tried and part of them cannot be withdrawn by either contestant."

All that we decided, or were called upon to decide, in that case in reference to the power of a caveator to dismiss issues after they had been sent to a Court of law, was that he had no right to make the partial dismissal of them which he there attempted. But the conclusions to which expression was given in the opinion, that the right of a plaintiff to dismiss issues without trial is not absolute, and that after issues have been made up by the Orphans Court and sent to a Court of law for trial neither side to the contest has control of them,

embody propositions conducive to the orderly and efficient administration of justice which apply with special propriety to the regulation of proceedings founded on caveats to wills under our testamentary system. Although issues framed on caveats are triable in Courts of law their trial differs from the ordinary action at law between opposing suitors in that it is in the nature of a proceeding *in rem* and each side bears a part of the burden of proof. *Cecil* v. *Cecil,* 19 Md. 80; *Levy* v. *Levy,* 28 Md. 31. Furthermore other persons than the parties to the proceeding such as creditors, heirs at law, next of kin, legatees or devisees may be and usually are directly interested in the result of the caveat. For these reasons and because a sound public policy requires that the settlement of the estates of deceased persons be made without unreasonable expense or delay we are of opinion that, after issues have been framed, covering all of the grounds relied on in a caveat to a will and sent to a Court of law for trial, the caveator should not be permitted to dismiss them for the purpose of filing a new caveat without the consent of the caveatee.

In the present case the caveat alleging undue influence, want of testamentary capacity and other grounds was filed on January 4th, 1904 and issues fully covering all of the reasons alleged in the caveat for refusing probate of the alleged will were sent by the Orphans' Court to a Court of law on March 1st of the same year. After various delays covering a period of nearly three years, and when the issues had been specially set for trial on a particular day, the attorney for the caveator filed in the clerk's office the order to dismiss, and at once and before the will could be again presented to the Orphans' Court for probate he gave notice to that Court of his intention to file another caveat and admitted to the caveatee's attorney that he intended to ask for issues on the new caveat to be sent to a Court of law. By that time the administration of the estate had already been prevented for fully three years from the offer of the will for probate. It appears from the record that in the meantime the creditors of the testator had filed a bill in equity for the sale of his real estate for the payment of

his debts and receivers had been appointed in that suit who were in charge of the property.

In these circumstances, as the caveator had not under the decisions of this Court an absolute right to dismiss the issues, the Court below should have granted the appellants motion *ne recipiatur* and stricken out the entry of dismissal made by the clerk on the caveator's order and required the case to proceed to trial in due course. If the appellee were accorded the right to dismiss at will the issues on his caveat after they had been in the Court of law for nearly two years and at the same moment file another caveat he might by a capricious exercise of that right indefinitely postpone the administration of the estate to the great inconvenience and injury of other persons interested therein who would be without remedy. Such persons not being parties to the proceedings would not be entitled to costs against the appellee and would not even receive that compensation which, though often meagre in fact, has in a legal sense been held to be adequate for the inconvenience of double litigation.

At the hearing in this Court the appellee insisted that under the 16th rule of the Court of Common Pleas, which provides that the Court will not hear any motion grounded on facts unless the facts are apparent from the record, or verified by oath or agreed upon by the parties, the appellant was not entitled to have her motion *ne recipiatur* considered. The answer to that objection is twofold. In the first place a copy of the rule does not appear in the record and in the second place in passing upon the motion we have considered only facts appearing from the record or the written agreement of the parties found therein, without reference to the reasons *de hors* the record set forth in the motion.

For the reasons stated in this opinion the order appealed from must be reversed and the case remanded for further proceedings in accordance with this opinion.

> *Order reversed with costs and case remanded for further proceedings.*