M. TILGHMAN JOHNSON, Executor,

*vs.*

ELLEN G. SAULSBURY.

*Caveat to Will—Dismissal of Proceeding—Reinstatement.*

Where issues sent to the circuit court by the orphans' court are dismissed in the former court by the caveator, the contest is thereby ended, both as regards the issues themselves and the proceedings in the orphans' court, and any person interested, including the former caveator, may file another petition and caveat contesting the validity of the will.     p. 161

Where the caveator dismissed, in the circuit court, issues sent there by the orphans' court, and subsequently filed in the latter court a second petition and caveat, which the latter court dismissed, while refusing the caveator's motion to dismiss the first petition and caveat, *held* that the action of the orphans' court should be treated as a reinstatement of the original proceedings and caveat, with the force and effect of a new petition and caveat, it being evident that such court did not intend to deprive the caveator of her right to contest the will.   pp. 161, 162

When, after the caveator's dismissal of issues sent to the circuit court, the orphans' court reinstates the original proceedings and caveat, with the force and effect of a new petition and caveat, it may, on petition by the caveator, again send the same issues to the circuit court.     p. 162

*Decided January 9th, 1923.*

Appeal from the Orphans' Court of Talbot County.

Petition and caveat by Ellen G. Saulsbury to will of Charles H. Saulsbury, deceased. From an order, passed on petition of the caveator, sending issues to the circuit court

for trial, M. Tilghman Johnson, executor of said deceased, appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*G. Elbert Marshall* and *Joseph B. Seth,* with whom were *Seth, Shehan & Marshall* on the brief, for the appellant.

*V. Calvin Trice,* with whom was *Charles J. Butler* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

It appears from the record in No. 19 Appeals of the April Term, 1922, that Charles H. Saulsbury, of Talbot County, Maryland, died on the 17th day of March, 1920, leaving one child and a widow, and leaving a paper purporting to be his last will and testament, by which he devised and bequeathed all his estate remaining after the payment of his debts and funeral expenses to M. Tilghman Johnson, the executor, in trust to pay the net income therefrom to his widow, Ida M. Saulsbury, and his daughter, Ellen G. Saulsbury, in equal shares, during their natural lives, and to the survivor during her life. The will further provided that if his widow remarried the whole of said income should be paid to his daughter during her life, and that upon the termination of said trust by the death of the survivor of said widow and daughter, the estate should vest absolutely in the children of said daughter, but in the event that the daughter died "leaving no children or descendants of children surviving her," the whole of the estate, upon the termination of said trust, should go to the testator's brother, James C. Saulsbury, absolutely.

The will was admitted to probate on the 24th of March, 1920. On the 4th of May, 1920, the widow renounced the

provisions made for her and elected to take in lieu thereof her "legal share of the estate," and thereafter the daughter filed a petition and caveat to the will and prayed that the executor be required to answer. After the answer of the executor was filed, the Orphans' Court of Talbot County, on the 22nd of February, 1921, on the petition of the caveator, directed certain issues to be sent to the Circuit Court for Talbot County for trial, and further ordered that upon the trial of such issues the caveator should be the plaintiff and the executor the defendant. On May 16th, 1921, a motion was made by the caveator in the circuit court for leave to amend the caveat and petition by adding the name of James C. Saulsbury, devisee, as a party defendant. This motion was overruled on the 18th of May, 1921, and on the same day the caveator made a "motion for leave to dismiss without prejudice." To the granting of this motion the caveatee objected. The objection was overruled, and the caveatee noted an exception to the ruling, and on the same day the motion for leave to dismiss was granted, and the case was entered "dismissed without prejudice." After a certificate of the proceedings in the circuit court was sent to the orphans' court, the daughter filed in the orphans' court another petition and caveat to said will, to which she made the executor and James C. Saulsbury parties, and thereupon the executor and James C. Saulsbury filed a petition in the orphans' court, setting out the proceedings to which we have referred, and praying that said second petition and caveat be dismissed. The daughter then filed another petition, praying the orphans' court to pass an order dismissing her first caveat, but the orphans' court, on the 25th of October, 1921, dismissed the second caveat, and on the 6th of December, 1921, passed another order refusing to dismiss the first caveat. From these orders the caveator entered an appeal on the 17th of January, 1922, but the appeal was dismissed by this Court at the April Term, 1922, because it was not taken, and the record was not transmitted to this Court, in

time. The record in *this case* shows that after the dismissal
of the former appeal, the caveator filed a petition in the
orphans' court praying that the issues originally sent to the
circuit court be again sent to that court for trial. The
executor objected to the granting of said petition, but the
orphans' court, on the 25th of April, 1922, passed an order
directing that said issues be sent to the circuit court for
trial, and from that order the executor, caveatee, has brought
this appeal.

The contention of the appellant is that under the deci-
sions in the *Berry Will Case,* 93 Md. 560, and *Bennett* v.
*Bennett,* 106 Md. 122, the caveator had no authority to dis-
miss the case in the circuit court over the objection of the
caveatee, and that the circuit court erred in permitting her
to do so, and that there was, therefore, no error in the orders
of the orphans' court dismissing the second caveat and refus-
ing to dismiss the first caveat, but because of the error of the
circuit court in permitting the case to be dismissed, the
orphans' court erred in its order of April 25th, 1922. But
as no appeal was taken from the action of the circuit court,
and as the appeal from the first mentioned orders of the
orphans' court was, for the reasons we have stated, dismissed,
the action of the circuit court and those orders of the orphans'.
court are not now subject to review by this Court, and the
only order open for review on this appeal is the order of the
orphans' court of April 25th, 1922, directing the original
issues to be again sent to the circuit court for trial.

In *Levy* v. *Levy,* 28 Md. 25, where issues sent to the
Superior Court of Baltimore City were dismissed in that
court, and the record of proceedings there was transmitted
to the orphans' court, and where a second petition and
caveat was thereafter filed, the appellant contended that the
dismissal of the case in the superior court was an abandon-
ment of the contest, and that the caveators were barred from
again contesting the will, but the Court held that the effect
of the dismissal was simply an abandonment of the "then

pending contest," and, in reference to the proceedings to be taken after such a dismissal, the Court said: "The next question to be decided is as to the mode of proceeding in the orphans' court after the issues were dismissed. Ought the appellees to have filed a new petition or proceeded upon the petition first filed? It was decided by this Court, in the case of *Price* v. *Naylor, supra* (21 Md. 356), and again in *Price* v. *Moore,* 21 Md. 366, that the dismissal of the issues necessarily results in a return of the case to the orphans' court, where all persons interested would have the right to become contesting parties; and that the effect of such dismissal is to place the case precisely as it was before the filing of the caveat. It is apparent, therefore, that the dismissal of the issues ends the contest both as regards the issues themselves as well as all the proceedings in the orphans' court, and any person interested had the right to file another petition contesting the validity of the will. Both of the orders passed by the Orphans' Court of Baltimore City on the 11th of May, 1867, must therefore be affirmed." JUDGE ALVEY dissented from the view of the majority of the Court requiring another petition and caveat to be filed, but in the later case of *Diffenderffer* v. *Griffith,* 57 Md. 84, the Court, in reversing the action of the circuit court remanding the record to the orphans' court in order that other issues might be applied for, etc., said: "The effect of the court's ruling and order is to put an end to the pending proceeding entirely, and put the surviving caveator or plaintiff to the necessity and expense of a new proceeding, issues and transcript to the circuit court. In so ruling we think there was error." In the case at bar, the orphans' court, instead of following the procedure approved in the cases referred to, dismissed the second petition and caveat of the caveator, and, as the appeal from that order was dismissed by this Court for the reasons we have stated, the order became the final adjudication of the orphans' court that the caveator could not file another petition and caveat. The only pos-

sible theory upon which the court could have dismissed the second petition and caveat is that the first proceedings and caveat were still pending, and it accordingly refused to dismiss the first caveat. As it is evident that the orphans' court did not intend to deprive the caveator of her right to contest the will in question, we think we should treat the action of the orphans' court as equivalent to a reinstatement of the original proceedings and caveat, with the force and effect of a new petition and caveat. The fact that the issues ordered to be sent to the circuit court are the same issues previously transmitted to the court affords no ground for objection to the order. As this view of the action of the orphans' court disposes of the only objection urged in this Court, we will affirm the order appealed from.

*Order affirmed, with costs.*