## GEORGE R. GAITHER, Receiver, *vs.* JOHN BAUERN-SCHMIDT et al.

*Bill in Equity to Enforce Liability of Directors of Corporation for Negligence—Parties—Contribution—Amendment of Bill.*

In a bill by a receiver of an insolvent bank to enforce the liability of directors for negligence in the management of its affairs, in that they made loans to certain parties in violation of statute, and also declared dividends, which were likewise unlawful, it is not necessary that all of the directors who participated in the unlawful acts be made defendants in the same proceeding.

A bill of equity was filed by a receiver of an insolvent bank against all the persons who were directors of the bank during certain years when negligent and unlawful acts were authorized by the directors which resulted in loss. Some of the defendants were directors during only a part of the time, and others of them did not participate in the alleged unlawful acts. The bill having been adjudged to be multifarious, it was dismissed by order of counsel as to all the defendants except those who were directors throughout the whole period in question, although some of the defendants dismissed participated in some of the unlawful acts complained of in the bill. *Held,* that this dismissal from the case of some of the defendants does not deprive the remaining defendants of any right that they may have to call upon the dismissed defendants for contribution in respect to losses caused by acts in which they also participated.

A bill in equity by the receiver of an insolvent bank to enforce the liability of directors for losses incurred through their unlawful acts in the managment of the affairs of the bank was held to be multifarious in that included among the defendants directors who were not charged with any participation in the acts complained of. Leave was granted to the receiver to file an amended bill, and this he did by dismissing the bill as to all of the defendants, except those alleged to have participated in all of the unlawful acts charged in the bill. Some of the dismissed defendants participated in some of the alleged unlawful acts. *Held,* that the allegations of the bill concerning the dismissed defendants are not inconsistent with the relief asked against the remaining defendants, and the dismissal of some of the defendants should be regarded as a substantial compliance with the order of Court relating to the amendment of the bill.

*Decided April 1st, 1908.*

Appeal from the Circuit Court of Baltimore City (EL-LIOTT, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Leon E. Greenbaum* and *R. Lee Slinglnff* (with whom was *Fielder C. Slingluff* on the brief), for the appellant.

*Thos. C. Weeks*, for J. Bauernschmidt, appellee.

*Bernard Carter* and *R. B. Tippett*, for John McPhail, appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of Baltimore City dismissing a bill filed by the appellant, as receiver of the American National Bank, against the directors of that institution.

The bill was filed April 18th, 1902, against sixteen defendants each of whom had been a director of the bank at sometime between January 1st, 1898, at which time it was alleged in the bill to have been solvent, and the 22nd of December, 1900, when it was declared insolvent and a receiver of its affairs appointed by the Comptroller of the Currency of the United States. The executors and distributees of a deceased director were also made defendants to the suit.

The purpose of the bill was to hold the directors liable for various loans, alleged to have been made by the bank during their respective periods of service, with their knowledge and consent, in excess of one-tenth of its paid up capital stock; and also for the payment of two dividends when the bank was in such condition as to make their payment unlawful. The bill sought to hold the defendants liable for losses alleged to amount in the aggregate to $200,000, thus incurred by the bank, both under the provisions of Acts of Congress relating to National Banks and the principles of equity and common

law applicable to negligent and unlawful acts of corporate directors.

The prayer of the bill was for an account of the bank's funds alleged to have been thus wasted and diverted and for an ascertainment of the losses thereby sustained by the creditors and stockholders, and for a restoration thereof, when ascertained, to the receiver for the benefit, first of the creditors of the bank, and then for its stockholders other than the defendants; and that the mode of contribution to be made by the defendants and the equity and right of all parties as well as the liabilities of the defendants be ascertained and adjusted "and that judgment for such sums as shall be found to be the loss which has thus been sustained be rendered against the defendants for the respective amounts which upon accounting they shall be respectively liable for."

There were thirty specific acts complained of in the bill, of which only one was alleged to have been done before Wilmer Brinton and Fred Walpert, two of the defendants, ceased to be directors, and only three were alleged to have been done before Charles H. Dickey and R. H. P. Ellis, ceased to be directors. No one of six of the defendants, Messrs. Brinton, Ellis, Walpert, Dickey, McDevitt or Marts was alleged in the bill to have participated in unlawful declaration of dividends, and there was no allegation in the bill that the deceased director had left any estate or that assets had come to the hands of his executor or distributees. Furthermore the bill was not filed until more than three years after some of the defendands had ceased to be directors.

The defendants Horner, Emerson and the executors and distributees of Walpert demurred to the bill upon the grounds of want of jurisdiction in the Court, limitations, and multifariousness and want of equity in the bill. The Circuit Court by its order of June 21st, 1902, overruled the demurrers. Upon an appeal from that order to this Court the issues there presented received a careful consideration and review at our hands in the case of *Emerson* v. *Gaither*, 103 Md. 564.

The conclusions reached by us on that appeal was summarized by us in our opinion as follows:

1st. That a Court of equity has jurisdiction.

2nd. That the bill is multifarious.

3rd. That the bill discloses that the claim against Isaac E. Emerson for the declaration of a dividend while he was a director is barred, but it does not sufficiently disclose such facts as to the other claims as would enable the Court to determine on demurrer that they are barred.

4th. That there are not sufficient allegations in the bill to hold the distributees of Frederick Walpert liable.

We reversed the decree in part and affirmed it in part and remanded the case for further proceedings, suggesting to the Court below to grant the plaintiff leave to amend his bill within such time as it might deem proper.

When the case went back to the Circuit Court it passed an order on October 5th, 1906, in conformity with our opinion sustaining the demurrers of Emerson and the executors and distributees of Walpert and overruling that of Horner and granting permission to the plaintiff to file an amended bill within twenty days. On October 25th, 1906, the Circuit Court on the application of the plaintiff granted him leave to dismiss the bill as to certain defendants therein named leaving as the remaining defendants to the bill Joshua Horner, John Bauernschmidt, Napoleon B. Woolford, John McPhail, Geo. A. Hartman and Edward W. Thompson. An order of dismissal in conformity with the leave so obtained was filed by the plaintiff but no amended bill was ever filed. It is to be observed that all of the parties now remaining as defendants were directors of the bank during the entire period from January 1st, 1898, until the appointment of the receiver on April 1st, 1900, with the exception of Edward W. Thompson who, the counsel for the receiver stated in open Court was intended to be dismissed but through inadvertence his name was not included in the order of dismissal.

After the dismissal of the bill as to certain defendants in the manner mentioned the defendant, John McPhail, demurred to the bill in the then condition of the case and the defendant, John Bauernschmidt, moved to dismiss the bill. The de-

murrer and the motion to dismiss the bill assigned substantially the same grounds, which were that no amended bill had been filed by the plaintiff—that the striking out of certain defendants was not a compliance with the order of October 5th, 1906, requiring an amended bill to be filed—that the bill of complaint, in the present condition of the case, with its original allegations but without many of the parties in reference to whom the allegations were made and who are alleged by the remaining defendants to be necessary parties, is multifarious and otherwise defective and does not require an answer. The demurrer also set up the Statute of Limitations.

The Circuit Court upon hearing the demurrer and motion sustained the demurrer and granted the motion and dismissed the bill by the order from which the present appeal was taken.

Having determined on the former appeal that equity had jurisdiction but that the bill in the then condition of the case was multifarious, the question now arises whether by the mere dismissal of certain of the defendants from the case the faults of the bill have been cured. Assuming that the presence of the defendant Thompson in the case is due to inadvertence and that there is no purpose to hold him, the present defendants consist only of persons who were directors during the entire period in which the negligent and unlawful acts set out in the bill are alleged to have occurred. The reduction in the number of defendants thus accomplished does not afford ground for sustaining the demurrers unless the receiver in bringing an action of this character was bound to include in the same bill all of the directors who participated in any of the alleged negligent or unlawful acts complained of. The authorities do not support the claim that the receiver was under any such obligation but distinctly uphold the opposite doctrine. In view of the allegations of the bill as to the dates at which the alleged improper acts occurred and the different terms of service of the various directors with reference to the respective commission of those acts, to have held the receiver obliged to unite them all in one bill would not only have involved a breach of the rule against multifariousness in equity

pleading, but would also have disregarded the conclusion at which this Court arrived in *Fisher* v. *Parr*, 92 Md. 274–5.

*Fisher* v. *Parr*, was one of the several suits brought by the receivers of an insolvent corporation to hold the directors of the company personally liable for losses sustained through their negligence in the performance of their duties. That suit was instituted against certain ones of the directors to recover for losses alleged to have been incurred through the negligent and unlawful making of loans by several boards of directors of which the defendants were alleged to have been members. The lower Court having by its decree sustained a demurrer to the bill, it was upon an appeal from that decree strongly urged in this Court that the demurrers should be sustained because of the absence from the suit of those of the directors who had not been made defendants. In that case the bill, which alleged that the defendants constituted all of the directors who resided in the State of Maryland, was held not to be demurrable for the failure to unite as defendants the non-resident directors. The Court in its opinion fully discussed the question of who were necessary defendants to a bill to enforce the liability of directors of a corporation for losses sustained by it through their negligent or unlawful acts, saying in that connection, "In *Fisher* v. *Graves, supra*, cited and relied upon by the defendants the proceeding was against some of the directors but no objection was ever raised to this feature of the bill. In *Atty. Gen.* v. *The Corporation of Poole*, 1 Craig & Philips, 28, it was urged that a part of the governing body of a corporation could not be proceeded against in the Court of Chancery, but that all who took part in the transaction complained of should be co-defendants but LORD CHANCELLOR COTTENHAM held to the contrary. He said: 'Upon this point LORD HARDWICKE'S authority in the Charitable Corporation Case, is of the highest value. It was urged that, as the injury had arisen from the misconduct of many, each ought to be answerable for so much only as his particular misconduct had occasioned; but LORD HARTWICKE said—if upon inquiry, there should appear to be a supine neg-

ligence in all of them by which a gross, complicated loss happens, I will never determine that they are not all guilty, nor will I ever determine that a Court of equity cannot lay hold of every breach of trust, let the person guilty of it be either in a private or public capacity.' In cases of this kind, continues LORD COTTENHAM, 'where the liability arises from the wrongful act of the parties, each is liable for all the consequences, and there is no contribution between them, and each case is distinct, depending upon the evidence against each party. It is, therefore, not necessary to make all parties who may more or less have joined in the act complained of.' The Lord Chancellor also cites the case of *Attorney-General* v. *Brown*, 1 Swan. 265, in wich he says LORD ELDON overruled a demurrer based upon a similar objection. In *Wilson* v. *Moore*, SIR JOHN LEACH, M. R., reiterated the general principle that all parties concerned in a breach of trust are equally liable, and that there is, in such case, no primary responsibility. He held, therefore, 'that the plaintiffs had a right to proceed against such of the parties guilty of the act complained of as they think fit.' See also *Stainbank* v. *Fernley*, 9 Sim. 556; *Perry on Trusts*, sec. 877, note 4. And so we held in *Duckett* v. *Bank*, 86 Md. 403: 'Every violation by a trustee of a duty which equity lays upon him, whether wilful or fraudulent, or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust. There is (in) such instance no primary or secondary liability as respects the parties guilty of or participating in the breach of trust, because all are equally amenable.' That directors of corporations are trustees of the bodies represented by them, and as such come within the rule guarding or restraining transactions between trustees and *cestuis que trustent*, is a familiar principle. (*Coal Co.* v. *Parish*, 42 Md. 598; *Booth* v. *Robinson, supra*.)

"Without further discussion of this question, we conclude that the bill here demurred to states a case which the defendants will be required to answer, and that the decree sustaining the demurrer to the bill must be reversed."

The same views as to parties in suits to enforce the liability

of directors for losses arising from their negligent or unlawful acts have been expressed in *Cottington et al.* v. *Canoday*, 61 N. E. 567, and *Anderson* v. *Wolf*, 41 Hun. N. Y. 571.

Counsel for the appellees in the argument before us insisted with force and ability upon the proposition recognized by us in *Emerson* v. *Gaither*, that the jurisdiction of Courts of equity in cases like the present one rests not only upon the prevention of a multiplicity of suits at law but also upon the ability of such tribunals, by reason of their course of procedure and the facilities at their command, to do complete justice in one litigation to all parties in interest. They therefore contended that the appellant should have retained in this case as defendants all those of the directors who participated in the greater number of the negligent and unlawful acts complained of in the bill, in order that there might be a final settlement herein of the rights of all of the parties plaintiff and defendants. The same contention was urgently pressed upon this Court in the cases of *Fisher* v. *Farr* and *Emerson* v. *Gaither, supra,* and it received full judicial recognition in the last-mentioned case, and yet the sufficiency of the bill now before us was there considered upon demurrer and it was held to be multifarious by reason of the uniting in it of directors who under its allegations were not liable in respect to some of the acts complaimed of. Desirable as it may be to avoid a multiplicity of suits and to do complete justice to as many parties as possible in one litigation, the rules of equity pleading, which forbid uniting in one bill defendants some of whom are not interested in the whole of the relief sought, cannot be disregarded in framing bills of complaint. The "parties in interest" whose rights can be completely disposed of in one litigation in equity comprise only those persons who can be united in a single bill of complaint in the due course of equity procedure.

The dismissal made of certain of the defendants from the cause will not operate to deprive the remaining defendants of any right they may have to call upon the dismissed defendants for contribution in respect to losses caused by any

acts in which they also participated.  If there should be a decree against the defendants now remaining in the case or any of them they, having first satisfied the decree, will be in a position to assert according to the ordinary course of procedure any right of contribution which they may have against other participants in the transactions out of which the liability enforced by the decree arose.

As contribution between defendants entitled thereto may be enforced in the same case in equity in which their common liability is established the defendants remaining in the present case may, if entitled to contribution, have it decreed here as against each other in respect to losses, if any such be established, resulting from acts in which only they participated, but as to acts in which other directors also participated the safer plan for them would be to employ for that purpose a proceeding in which all of the participants in those acts are made parties.  *Hickey* v. *Dole*, 66 N. H. 612; *Young* v. *Lyons*, 8 Gill, 162.

The appellants also contend that the dismissal of the bill as to a portion of the defendants was not such an amendment of it as was contemplated by the order of this Court in *Emerson* v. *Gaither*, remanding the case for further proceedings in accordance with our opinion.  In *Riley* v. *First Natl. Bank*, 81 Md. 26, we held that the dismissal from the suit, by order of the plaintiff, of certain of the defendants was an amendment of the proceedings and as such was subject to the rules relating to amendments.  Whether the amendment thus made in the present suit was contemplated by the order in *Emerson* v. *Gaither* must be determined by ascertaining whether it accomplished the purpose we had in view in remanding the case.

It appears from our opinion in 103 Md. 564, that we sustained the demurrer because the bill was multifarious in that it included among the defendants directors who were not charged by its allegations with any participation in some of the acts complained of, but we conceded in the opinion that it was not multifarious as to such of the defendants as were charged by it with participation in all of those acts.  As each

of the present defendants is charged by the bill with conscious
and intentional participation in all of the acts complained of,
it is a good bill as to them and since the dismissal of their
co-directors it can no longer be considered as multifarious by
reason of the presence in the case of improper defendants.
The mere fact that the wrongful acts are alleged to have been
done by the present defendants in connection with their co-
directors, who are no longer parties to the case, does not
make the bill demurrable, as we have already seen that the
receiver is not bound to proceed against all of the directors
in the same suit.    In the present attitude of the case the ex-
pression "defendants" whenever it occurs in the bill can and
should be construed to mean the present defendants remain-
ing in the case.  The allegations in the bill, touching the re-
spective dates of service of the directors who have been dis-
missed from the suit and charging them individually with
participation in improper acts, have by the amendment of the
proceedings, become technically impertinent, but as those
allegations are not inconsistent with the relief asked for against
the present defendants they may be treated as surplusage.
There is no imperative obligation to strike them out.

If we turn now to the prayers of the bill we find that the
prayer for relief is for an accounting not of all of the affairs
of the bank or all of the transactions of its directors, but only
of such of its funds as were wasted or diverted from their
legitimate channels by the "defendants;" and for an ascertain-
ment of the amount of the loss thereby caused and for its
restoration to the receiver for the use first of creditors and
then the stockholders; and also for a determination of the
mode and amount of contribution to be made by the defend-
ants.    The prayer also asks for the ascertainment of the
equities of the executors and distributees of Frederick Wal-
pert, but that petition may be regarded as having become inop-
erative by the dismissal of those persons from the suit. There
is also the usual prayer for general relief.

The prayer for process asks for subpoena against each of
the original defendants by name, but as they have long since

been summoned no practical good could be accomplished by striking from that prayer the names of the dismissed defendants.

Although the better and safer practice in cases like this one is to file an amended bill or to actually make all of the desired amendments by interlineations and erasures on the original bill, we think the amendment of the proceedings, by dismissing therefrom the defendants who did not participate in some of the acts complained of, should be regarded as a substantial compliance with the orders of this Court and the Circuit Court touching an amendment of the bill, and that the case should be permitted to proceed upon the original bill construed in the manner which we have herein indicated.

It follows from what we have said that the decree appealed from must be reversed and the case remanded for further proceedings in accordance with this opinion.

*Decree reversed with costs.*