THOMAS N. JOHNSON, APPELLANT, v. GEORGE PHIFER AND ELIZABETH PHIFER, APPELLEES.

1. **Deeds:** EXECUTION.   Mere imbecility or weakness of mind will not avoid a contract or deed.   There must be a total want of reason or understanding.

2. **Persons Non Compos Mentis.** There are four different classes of persons who are deemed in law *non compotes mentis. First.* An idiot or fool natural. *Second.* He who was of a good sound memory but by the act of God has lost it. *Third.* A lunatic who is sometimes of a good sound mind and memory and sometimes *non compos mentis. Fourth.* One who is *non compos mentis* by his own act, as a drunkard.

3. **Jurisdiction of Court of Equity.**   A court of equity will relieve a party against contracts made by him while temporarily insane from the use of intoxicating liquor, where such contracts have been procured by the fraud or imposition of the other party.

28

4. ———:  SETTING ASIDE CONTRACTS ON GROUND OF DRUNKENNESS.
In order to set aside a contract on the ground of drunkenness it
is not sufficient that the party was under undue excitement from
liquor.  It must rise to that degree which may be called ex-
cessive drunkenness, where a party is utterly deprived of his
reason and understanding.

APPEAL from  the district court of Jefferson county.
Tried below before WEAVER, J.   The case is stated in
the opinion.

*John Saxon*, for appellant.

Plaintiff claims that the proofs show that he was in-
toxicated and drunken when the deed in question was
*executed*.   That he was still more so when the defendant,
George Phifer, obtained possession of the paper.   That
there was no *delivery* of the deed to defendants, and
that defendants fraudulently gained possession of the
same and placed it on record.   We think equity will re-
lieve against the acts of a party (less than crime) or con-
tracts entered into by him while intoxicated.   Fonblan-
que's Equity, chapter 2, section 3.   Adam's Equity, sec-
tion 410 and notes.   Story's Equity Juris., section 230,
231, 232, and 233.   2 Kent's Com., page 451 and notes.
A comparison of these authorities with the latest rul-
ings of the courts will show a modification of the rule,
which was that " the party seeking relief must be shown
to have been not only intoxicated, but thoroughly and
completely so."   The rule as it now obtains is essentially
different in our courts of equity.   Our courts—the courts
of our time—do not stop to weigh or measure the *degree*
of intoxication, but simply regard the *fact*, and when it
is shown to have existed they do not hesitate to relieve.
*French v. French*, 8 Ohio, 214.   2 Kent's Com., page
451.   Through all the authorities upon this question,
both  early and late,  runs this line of distinction.
The *degree* of intoxication is *never* regarded when it is

shown that the other party has *led* the complainant into drink, or in *any manner contrived* or *contributed* to bring about such condition. It is in itself fraud to deal with one who is intoxicated, if known. Fonblanque's Equity, Sec. 3. Adam's Equity, Sec. 410. 1 Story's Equity, 230. 2 Kent's Com., 481. Chitty on Contracts, 131. Parsons on Contracts, 384, 385, and notes.. *Jones v. Perkins,* 5 B. Mon., 225.

We believe no case can be found where a court has refused relief in such a case, let the degree. of intoxication be what it may, if the other party has contributed to bring it about, and has taken advantage of it to gain some profit. And we believe that no court has ever refused relief where one, even innocent of the cause, has yet taken an unfair advantage of the condition, knowing it to exist.

*Brown, England & Brown,* for appellees, contended that the evidence showed conclusively that the case did not come within the well-established rules of law which the plaintiffs counsel cited. *Wood v. Pindall,* Wright, 509. *Davis v. Culver,* 13 How., Pr., 62.

MAXWELL, J.

On the sixteenth day of June, 1873, the plaintiff made final proof of settlement, and entered as a homestead, under the United States homestead law, the north-east quarter of section twenty-two in town three north, of range two east of the sixth principal meridian; and on the same day conveyed the same by deed to Elizabeth Phifer, one of the defendants herein. The action is brought to have said deed vacated and cancelled, and for such other and further relief as the nature of his case in equity may require. The petition alleges that, "after having made proof of his right as aforesaid, the said de-

fendant, George Phifer, well knowing that this plaintiff was a person in the habit of becoming intoxicated, and wrongfully and unlawfully conspiring to wrong and injure him, said plaintiff, in respect to the said lands and real estate aforesaid, did cause and procure him, the said plaintiff, to be and become intoxicated and drunken, so that he, the said plaintiff, was then and there deprived of his reason and mental faculties," in which condition the plaintiff claimed he executed the deed in question.

The amended answer of Elizabeth Phifer, which by stipulation is to be considered as evidence, alleges among other things that "the consideration which the plaintiff was to and did receive, for homesteading said land and conveying the same to the defendants, was his board, lodging, and washing, which was to be and was furnished by these defendants for a period of two and a fourth years, *and these defendants were to give plaintiff a home with them during his lifetime.*"

On the trial of the cause in the court below, the court found all the issues in favor of the defendants, and dismissed the cause. The case is brought into this court by appeal.

In *Mulloy v. Ingalls*, 4 Neb., 117, it was held that mere imbecility, or weakness of mind, however great, will not avoid a deed or contract, unless there be evidence to show a total want of reason or understanding.

Coke has enumerated four different classes of persons who are deemed in law to be *non compotes mentis*. *First.* An idiot, or fool natural. *Second.* He who was of good and sound mind and memory, but by the act of God has lost it. *Third.* A lunatic, *lunaticus qui gaudet lucidis intervallis*, who sometimes is of a good sound mind and memory, and sometimes *non compos mentis*. *Fourth.* One who is *non compos mentis* by his own act, as a drunkard. Co. Litt., 247 *a*. Beverly's Case, 4 Co., 124. Story's Eq., Sec. 230.

A court of equity will relieve a party against contracts made by him while temporarily insane from the use of intoxicating liquor, where such contracts have been procured by the fraud or imposition of the other party. Story's Eq., Sec. 230. But to set aside a contract on the ground of drunkenness it is not sufficient that the party was under undue excitement from liquor. It must rise to that degree which may be called excessive drunkenness, where a party is utterly deprived of his reason and understanding. Story's Eq., section 231, and cases cited.

The proof in this case fails to show that the plaintiff was sufficiently under the influence of liquor, at the time of the execution of the deed, to avoid the same, and the testimony upon that point being conflicting, the finding of the court thereon will not be set aside.

It is apparent from the record that the consideration for the land in question was the agreement of the defendants to provide the plaintiff with a home during the period of his natural life, and that the defendants were to execute a mortgage on the land in question to secure the performance of the conditions of such agreement. The plaintiff is shown to be nearly seventy years of age, and somewhat addicted to the use of intoxicating liquors, and at times to require extra care and attention. The defendants claim that the consideration for the land in question was the board, clothing, and lodging of the plaintiff for two and one-fourth years, which was to be continued during the period of his natural life. They do not claim to have paid any money for the land, nor to have paid for the same except as herein stated. The consideration named in the deed from the plaintiff to the defendants for the lands in controversy is $800. This it is clearly shown has not been paid, and as the defendants have removed from the land in question, thereby disabling themselves from complying with the contract on their part, the plaintiff, upon the facts stated

in the petition, and under the general prayer for relief, is entitled to judgment for the amount of the real consideration for said land, less what he has already received; and as there is testimony tending to show that the unpaid consideration was to be a lien upon the land in question, the cause is remanded to the district court with instructions to take additional testimony in regard to the real consideration for the lands and the character of the lien, and render a decree in conformity with such testimony.

DECREE ACCORDINGLY.