Rhea v. Reynolds.

REBECCA RHEA, PLAINTIFF IN ERROR, v. CHARLES W. REYNOLDS AND EMMA E. REYNOLDS, DEFENDANT IN ERROR.

1. **Pleadings: JUDGMENT.** Rhea commenced an action against R. and wife to recover a judgment against R., upon a promissory note and to enforce a vendors lien upon lands conveyed to the wife of R. The answer admitted the execution and delivery of the note, but denied the existence of the lien. The court found no lien existed and dismissed the action. *Held*, that Rhea was entitled upon the pleadings to judgment against R. for the amount of the note.

2. ——: ——. Where all the relief prayed for cannot be granted, it is the duty of the court to grant such relief as the established facts will warrant, whether it be legal or equitable.

3. **Conveyance: LIEN FOR UNPAID PURCHASE MONEY.** A grantor who conveys land by an absolute deed has no lien for such portion of the purchase money as remains unpaid. But such liens may be created by contract, and will exist where the grantor has only made a bond for a deed, or a contract to convey.

ERROR to the district court for Butler county. Tried below before POST, J. The opinion states the case.

*Walter J. Lamb* and *Samuel J. Tuttle*, for plaintiff in error.

1.  Having received a deed to the land from the plaintiff in error, the defendants are estopped to assert that she had no title to convey in order to defeat a recovery on said note given for the purchase price of said lands. *Findley v. Horner*, 9 Neb., 537. *Walker v. Sedgwick*, 8 Cal., 398. Bigelow on Estoppel, 1st. ed. 414, 415.

2.  The court should have given plaintiff judgment on the note. *McNeady v. Hyde*, 47 Cal., 481. *Davis v. Lambertson*, 56 Barb., 480. *Hudson v. Caryl*, 44 N. Y., 553. *Parker v. Laney*, 58 N. Y., 469. *Stephens v Magor*, 25 Wis., 533. Wells Res Adjudicata, sec. 455. *Blackinton v. Blackinton*, 113 Mass., 231. And in addition thereto a decree that such judgment constituted a lien on the

lands in question for the unpaid purchase money there-. for. It is a rule of almost universal application in this country and England, that the vendor of real estate has an equitable lien upon the estate sold for the unpaid purchase money as between him and the vendee, or those deriving title through such vendee with notice, in all cases, unless there is an express or an implied agreement to waive such lien. *Dorsey v. Hall,* 7 Neb., 460. *Fish v. Howland,* 1 Paige Ch., 26. *Baum v. Grigsby,* 21 Cal., 176. *Wilson v. Lyon,* 51 Ill., 168. *McDole v. Purdy,* 23 Iowa, 278. 2 Story's Equity, sec. 1,226, and authorities cited. *Smith v. Rowland,* 13 Kan., 245.

*M. H. Sessions,* for defendants in error.

1. There is no proof in the case showing the insolvency of Charles W. Reynolds, the maker of the note. For all that appears, the presumption is that the plaintiff could at any time have collected the note from the maker. Under the facts as they exist in this case, the plaintiff should be compelled to exhaust her remedy upon her note before she could resort to the equitable relief here invoked. At least, she should be required to prove the insolvency of the maker in this action, as a condition precedent to granting the relief asked for. *Scott v. Crawford,* 12 Ind., 411. *Eyler v. Crabbs,* 2 Md., 137. *Pratt v. Van Wyck,* 6 Gill & Johnson, 495. *Richardson v. Stellinger,* 12 Gill & Johnson, 477. *Garson v. Greene,* 1 John Ch., 308. *Bottuf v. Conner,* 1 Blackf., 288. *Roper v. McCook,* 7 Ala., 318.

2. There is no such thing as a vendor's lien in this state upon an absolute conveyance of real estate by deed, for such portion of the purchase money as may remain unpaid. *Edminister v. Higgins,* 6 Neb., 265. *Kauffitt v. Bower,* 7 Sergt & Rawle, 64. *Heister v. Greene,* 48 Penn. State, 96. *Phillbrook v. Delano,* 29 Maine, 410. If the doctrine was in force, still the plaintiff would not be en-

9

titled to the lien, having waived it.  *Richards v. Leaming,*
27 Ill., 432.  *Gilman v. Brown,* 1 Mason, 216.  *Hare v.
Van Deusen,* 32 Barb., 93.  *Selby v. Stanley,* 4 Minn., 75.
*Parker v. Sewell,* 24 Texas, 241.  *Cowl r. Varnum,* 37 Ill.,
181.  *Williams r. Reas,* 26 Wis., 540.  *Griffin v. Blanchar,*
17 Cal., 71.  *Williams v. Roberts,* 5 Ohio, 35.  *Boynton
v. Champlin,* 42 Ill., 57.

MAXWELL, CH. J.

In the year 1879 Charles W. Reynolds made and deliv-
ered to the plaintiff a promissory note, of which the
following is a copy :

"LINCOLN, NEBRASKA, October 14, 1879.
January 1st after date for value received, I promise to
pay to the order of Rebecca A. Rhea, four hundred dol-
lars, at State National Bank, with interest at ten per
cent. per annum from maturity until paid, together with
a sum equal to ten per cent. of said amount as attorneys
fee if action is brought on this note, or on the mortgage
given to secure the same, or if the same is not paid when
due.                                    CHARLES W. REYNOLDS."

It appears from the record that, prior to the time the
note was given, the plaintiff had commenced an action
of ejectment against the defendants to recover the pos-
session of certain real estate in Butler county, and that
the note in question and $75.00 in cash were given to
compromise that suit, the plaintiff executing a quit
claim deed for the premises in controversy to Emma E.
Reynolds, the wife of the maker of the note.  The prayer
of the petition is for a personal judgment for $400.00,
interest, and attorneys fees against Reynolds, and to
enforce a vendors lien upon the premises conveyed.
Judgment was rendered in the district court in favor of
the defendants and dismissing the action.  The plaintiff
brings the cause into this court by petition in error.

The judgment of the court below is as follows: " In consideration whereof the court on this 10th day of February, 1881, being the 3rd day of the January term, 1881, does find upon the issues joined in favor of the defendants. The court further finds that the plaintiff is not entitled to a vendors lien as prayed. Plaintiff now moves for a personal judgment against Chas. W. Reynolds upon the pleadings, which motion the court overrules. Whereupon it is considered and adjudged that the defendants go hence without day, and that the plaintiff take nothing by her writ."

The petition sets forth the making and delivery of the note by Chas. W. Reynolds, that the plaintiff is the owner thereof, that it is now due and payable, and that no part of the same has been paid. The answer of the defendants states: " That on or about the 14th day of October, 1879, and while said suit was pending for trial in said court, the defendant, Chas. W. Reynolds, met the plaintiff in the city of Lincoln, and said suit was then and there compromised, and settled upon the following terms and condition, to-wit: The plaintiff agreeing that if the said Chas. W. Reynolds would pay her seventy-five dollars in money, and give his note for $400.00, payable on the 1st day of January, 1880, then in consideration of the same she would give a quit claim deed to the defendant, Emma E. Reynolds, of all her pretended claim, right, title or interest in and to said land and real estate, and that she would not ask or claim any other or further security for the payment of said four hundred dollars than the individual note of the said Chas. W. Reynolds. And thereupon the said parties did settle said suit, and the said Chas. W. Reynolds did pay to the said plaintiff the sum of $75.00, and the said Charles W. Reynolds did then and there execute and deliver to this plaintiff his promissory note for four hundred dollars, being the same note referred to in plain-

tiff's petition.    In consideration whereof the said plain-
tiff did then and there execute a quit claim deed to the
said premises to said defendant, Emma E. Reynolds,
and deliver the same, being the same referred to by
plaintiff in her petition as the one she made and
executed, and did then and there in consideration of the
foregoing agree to waive, and did waive all liens upon
said lands and real estate so conveyed, of every nature
and kind whatsoever for the security of said note," etc.

Upon an answer like this, which admits the execution
and delivery of the note, and every fact which would
entitle the plaintiff to recover a judgment against
Reynolds for the amount of the note, it is contended on
behalf of the defendants that there can be no recovery,
because there is but one count or cause of action stated
in the petition, the object of which is to enforce a ven-
dors lien.    It is true one of the main objects of the peti-
tion is to enforce a vendors lien; but this is not the only
one.    Under the code all that is necessary is to state the
facts in a petition, and if the plaintiff is entitled to any
of the relief prayed for, that will be granted, although it
may not include all, or indeed any considerable portion
of the relief sought.    *Johnson v. Phifer*, 6 Neb., 401.
*Roberts v. Swearingen*, 8 Id., 363.    The very object of the
code is to abolish the technical rules that prevailed prev-
ious to its existence, by which the rights of parties were
frequently sacrificed.    Under the code there is but one
form of action, and that consists of a statement of the
facts constituting the cause of action.    All distinctions
between actions at law and suits in equity are abolished
except such as inhere in the nature of the case.    And it
is the duty of the court to endeavor to protect and enforce
the rights of the parties and permit no mere technicality
to defeat them.    The plaintiff was entitled, under the
pleadings, to a judgment against Charles W. Reynolds
for the amount of the note, interest and costs.

The quit claim deed from the plaintiff to Emma E. Reynolds was not introduced in evidence, and we are therefore unable to determine its effect. We adhere to our decision in *Edminster v. Higgins*, 6 Neb., 265, that a vendor of real estate, upon an actual conveyance thereof by deed, has no lien upon the land so conveyed for such portion of the purchase money as remains unpaid. The reason is, the grantor has parted absolutely with all claims and demands upon the land, and cannot be allowed to enforce special demands against it not arising by contract or operation of law. But a vendors lien may be created by the contract of the parties at the time of the sale and conveyance of the land, and will exist where the purchase money or a part thereof remains unpaid, if the vendor has only executed a bond or contract to convey. *Stevens v. Chadwick*, 10 Kas., 406. *Smith v. Rowland*, 13 Id., 245. But as the deed is not before us we are unable to determine its character. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED,