## MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* J. SEWELL THOMAS AND THE U. S. FIDELITY & GUARANTY COMPANY.

*Court of Appeals; rules of lower Court; authentication of. Practice in Baltimore City; Constitution, Art. 4, sec. 39; rules of Supreme Bench; jury docket; election; time for; extension of time for; rule day; Code of Public Local Laws, Art. 4, sec. 308.*

Under the rules of the Supreme Bench of Baltimore City, if a defendant desires a jury trial, he must elect at or before the time he first files a plea, even if that plea is filed before the regular rule day, and he must at all events do so by the time he is allowed by law to file his plea; but in applying this rule, a demurrer is not considered as a plea.                    p. 216

While a demurrer may be a pleading, it is not a plea.    p. 217

The Court may finally dispose of a case on a demurrer to the declaration, and until all questions raised by the demurrer are decided it is useless to require the case to be placed on the jury calendar.                                         p. 218

A declaration was filed in the Superior Court of Baltimore City on July 1st, 1909; on July 12th, 1909, one of the defendants filed a demurrer, and the next day, on motion, an order was passed, extending the time for filing pleas to 15 days after a decision on the demurrer; on October 27 the demurrer was overruled with leave to plead within ten days; on October 30 one of the defendants filed an election for a jury trial, and on November 6 filed pleas. On May 19, 1910, the plaintiff filed a petition alleging that the suit was brought under the July Rule Day, 1909; that the election for a jury trial should have been made not later than August 12, 1909; that the election was therefore too late, and he prayed that the cause be withdrawn from the jury docket and placed

upon the non-jury docket. It was conceded that under section 308, Article 4 of the Code of Public Local Laws, August 12, 1909, was the Rule Day to plead to the declaration, if there had been no extension. *Held,* that the plaintiff could file his pleas within the extension of 15 days after the decision of the demurrer as allowed by the Court, and that the election for a jury trial was not made too late.    pp. 220-221

In presenting to the Court of Appeals a rule of a lower Court, the rule should be authenticated either by a bill of exceptions, certificate of the judge, or agreement of counsel.    p. 214

The practice of simply having the clerk copy the rule in the record is not approved.                    p. 214

*Decided February 23rd, 1911.*

Appeal from the Superior Court of Baltimore City (HARLAN, C. J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, THOMAS, PATTISON and URNER, JJ.

*Edgar Allan Poe* and *Sylvan H. Lauchheimer,* for the appellant.

*William Shepard Bryan, Jr.,* and *J. Kemp Bartlett,* for the appellees.

BOYD, C. J., delivered the opinion of the Court.

This appeal was taken from the action of the Superior Court of Baltimore City in denying a motion of the appellant to have the case transferred from the jury docket to the non-jury docket. The appellee contends that the rule of Court relied on by the appellant is not properly certified to this Court, and hence the presumption that the lower Court has properly construed its own rule should prevail. But as we understand it to be admitted that the rule, which is in the record, is a correct copy—indeed, both briefs contain it—we will construe it, notwithstanding the method by which it is

presented to us, and without passing on the further question, whether the statement at the conclusion of the judge's opinion can, strictly speaking, be said to be an order denying the motion. We will add, however, that the practice sanctioned by this Court, in having a rule of the lower Court presented to it, is to have it authenticated either by a bill of exceptions, certificate of the judge or agreement of counsel. Without some authentication, we can not always be sure that a rule has been adopted, or, if adopted, that it is still in force, and the practice of simply having the clerk copy it in the record is not to be understood as receiving our approval. Inasmuch, however, as in our judgment the conclusion of the learned judge was correct, we will announce our construction of the rule without regard to the technical questions suggested.

Section 39 of Article 4 of the Constitution, as amended, provides that, "The General Assembly may provide by laws, or the Supreme Bench by its rules, for requiring causes in any of the Courts of Baltimore City to be tried before the Court without a jury, unless the litigants or some one of them shall within such reasonable time or times as may be prescribed, elect to have their causes tried before a jury." In pursuance of that authority the Supreme Bench passed the rule, which, so far as it may reflect upon the question now before us, is as follows:

"All the civil cases standing for trial in the several common law courts of Baltimore City shall be tried before the Court without a jury, unless an election in writing, separate and distinct from the pleadings, be filed, in person or by attorney, for a trial by jury as hereinafter provided.

"As to plaintiffs, such election shall be made by the plaintiffs, or any of them, not later than fifteen days after the filing of the declaration. In all cases where a plaintiff or plaintiffs shall be brought in by amendment, any such new plaintiff shall so elect within five days after being made a party.

"As to defendants, such election shall be made by the defendants, or any of them, at or before the time of first filing a plea, but in no event after the time allowed by law to plead; provided,

that nothing in this rule shall apply to cases within the Act of 1894, Chapter 184.

\* \* \* \* \* \* \* \* \* \*

"Such election shall not be withdrawn, except by written consent of all the parties, filed in the case. If neither party has elected to have a jury trial, the case can not, after such failure, be put on the jury calendar by agreement.

\* \* \* \* \* \* \* \* \* \*

"So soon as it is ascertained that a cause will not be tried before a jury, the clerks of each of the courts having common law jurisdiction shall transfer the same to a separate trial docket or blotter, entitled 'Non-Jury Cases', and the trial of such cases of said courts shall take place before the judge assigned to such Court, or before the judge at large assigned to sit as additional part of such Court."

The declaration was filed July 1st, 1909, and on July 12th, 1909, Mr. Thomas, one of the defendants, filed a demurrer, and the next day an order was passed on the motion of that defendant that the time for filing pleas be extended to fifteen days after a decision on the demurrer. On October 27th, 1909, the demurrers were overruled, with leave to plead within ten days. On October 30th, each of the defendants filed an election to have the case tried before a jury, and on November 6th, 1909, they filed pleas. Demurrers were filed to some of the pleas, which were disposed of in December, 1909.

On May 19th, 1910, the plaintiff filed a petition alleging that the suit was brought to the July Rule Day, 1909, and that an election for a jury trial should have been made not later than the 12th of August, 1909, but that no election was made until October 30th, 1909, which the plaintiff claimed was too late, and prayed that the cause be withdrawn from the jury docket and placed upon the non-jury docket. An order to show cause was passed, answers were filed and the application to have the case transferred to the docket of non-jury cases was denied. Section 308 of Article 4 of Code of Public Local Laws provides, that when a declaration is filed, a copy thereof delivered to the defendant and the defendant is summoned before the day of the return of the

writ, "he shall plead before the next succeeding return day, or judgment by default for want of a plea shall be entered by the Court or the clerk thereof, upon motion in writing made by the plaintiff or his attorney, then, or at any time thereafter, before the filing of a plea by the defendant, unless the Court for good reason shall have granted said defendant further time to plead." We understand it to be conceded that August 12th, 1909, was under that statute the rule day to plead to this declaration, if there had not been an extension. As one of the defendants obtained an order before that day, extending the time for filing pleas to fifteen days after a decision on the demurrer, it is not necessary to discuss the question as to how far an order extending the time, if passed by the Court when the demurrer is overruled, but after rule day, would authorize the defendant to make his election for a jury trial within the time so extended. The question is, whether under a proper construction of this rule, the election which was made within the time allowed by the Court by its order of July 13th, 1909, to file pleas, but after the regular rule day to plead and after the demurrer was overruled, was too late, as the election could be made by one of the defendants.

If the rule simply said that the defendants shall make the election, "at or before the time of first filing a plea," it could scarcely be doubted that the election in this case was made in ample time, as it was made before filing a plea; but the rule proceeds: "but in no event, after the time allowed by law to plead", and the appellant contends that that means that it must be made at the time required by law for the filing of the first pleading, and that a demurrer is such a pleading. But conceding that a demurrer is in a sense a pleading, is it one within the meaning of this rule? The rule seems to us to clearly mean, that if a defendant desires to elect a jury trial, he must do so when he first files a plea, even if that plea is filed before the regular rule day, and he must at all events make such election by the time he is allowed by law to file his plea. The two clauses are so connected that that seems to us

to be the only fair construction which can be placed upon them. The first clause expressly says: "At or before the time of first filing *a plea*"—not "a pleading", "a demurrer", "a motion", or anything but "a plea", and when the next clause goes on to say, "but in no event after the time allowed by law to *plead*", it means *"plead"* in the way it has just spoken of, namely, by *"a plea"*. If a demurrer be filed to a declaration a day or two after the day of return of the writ, and it is decided against the defendant before the rule day to plead—before the next succeeding return day—can it be doubted that the defendant could then file a plea, and at or before that time make his election? Clearly not, and there could be no reason for a rule which would require any other interpretation. Yet according to the appellant's contention, the demurrer would in such case be the first pleading, and the election would have to be made when the demurrer was filed.

But the statute which we have referred to above reflects upon the meaning of the term "plead" in this connection. It says the defendant "shall *plead* before the next succeeding return day, or judgment by default for want of a plea shall be entered * * * unless the Court for good reason shall have granted said defendant further time to *plead*". As we have said, a demurrer may in sense be a *pleading,* but it is not *a plea,* and this statute says that he shall *plead* by the time named, and, if he does not, judgment *for want of a plea shall be entered.* As the statute fixed "the time allowed by law to plead", to use the language of the rule, when the declaration is filed as it was in this case, and as it shows that it was referring to a *plea,* when it used the term *plead,* the rule should be construed to mean the same thing. The law did not require these defendants to plead at all events "before the next succeeding return day", but it authorized the Court for good reason to grant "further time to plead"; the Court did so grant further time, and the defendants did so plead, and did make the election before that extension had expired. It can not therefore be said that the election was made *"after* the time allowed by law to plead", which is what the rule pro-

hibits, and it was "at or before the time of first filing a plea", which is what the rule affirmatively requires.

But let us consider some of the peculiar results that the construction contended for by the appellant would lead to. "A demurrer in pleading is defined to be an admission by the adverse party of the facts charged in the preceding pleading." 1 *Poe on Pl. and Pr.* sec. 587. It in effect says to the Court, that *the facts,* properly pleaded, are true, but demands the judgment of the Court as to the law, when applied to those facts. Yet it is to be said that while these defendants were in Court, admitting the facts for the purposes of the demurrer, they were compelled to go before the same Court and declare that they elected to have those facts, although admitted, tried by a jury? Until the Court overruled the demurrer, there were no facts to be tried before a jury. The Court, not the jury, decides the law, and there can be no election to have the law decided by a jury, and hence there could be no reason for the rule requiring the defendants to elect when they file a demurrer.

The motion of the appellant alleges "that the clerk has, by inadvertence, placed the above entitled cause upon the jury docket, and your petitioner prays that said cause may be withdrawn from the jury docket and placed upon the non-jury docket." It would certainly not have a tendency to keep the cases to be disposed by the Court separate from those to be tried by juries, if before a demurrer is disposed of an election must be made by the defendant and the case be put on the jury calendar. The Court may finally dispose of a case on a demurrer to the declaration, and until it has decided the question raised by the demurrer, which may be intended to challenge the right of the plaintiff to recover at all, and not merely to raise some question which can be corrected by amendment, it would be useless to require the case to be placed on the jury calendar.

The appellant argued that as the rule requires a plaintiff to make his election, not later than fifteen days after the filing of the declaration, and as a defendant has, under the rule

about thirty days in which to make his election, the construction of the appellee would give a defendant an unreasonable advantage. In answer to that it might only be necessary to say that the Court saw proper to give the defendant a longer time than it did the plaintiff, when the rule was adopted, and that we must construe the rule as we find it. But manifestly it was right that it should. A plaintiff may know months before his suit is brought that he is going to sue, and presumably he knows the ground for his action, whether it is of a character he wants the Court or a jury to pass on the facts, etc. On the other hand, a defendant may not know until he is brought into Court that suit is contemplated against him, and he may not prior to that time have any idea that it is claimed he is liable to the plaintiff. He may deny all liability, and if advised that the declaration does not disclose a case which makes him liable, he naturally would prefer his legal liability to be first determined by demurrer, and the ruling of the Court—the ground on which it holds he is legally liable—may determine his election, in addition to the other considerations we refer to in construing the part of the plea applicable to defendants. There is therefore nothing in the provisions as to plaintiffs which can aid us in reaching a conclusion as to the proper construction of the part of the plea applicable to defendants.

No decision construing similar rules has been cited by either side. There is none in this State, but the appellant relied on a number of cases which have arisen from removals from State to Federal Courts. They are perhaps as nearly analogous to this question as any which can be found, but they are by no means conclusive or altogether applicable. *Gerling* v. *B. & O. R. R. Co.,* 151 U. S. 673, seems to be the leading case on the Acts of Congress of 1887, providing for such removals. That act allows a petition for removal to be filed at or before the time when the defendant is required by a local law or rule of Court "to answer or plead to the declaration or complaint". The Supreme Court held that the petition for removal must be filed in the State Court as soon as

the defendant is required to make any defense whatever in that Court, whether it be by demurrer, plea in abatement, plea in bar, or other defense. After referring to the different Acts of Congress regulating the subject of removals, the Court said: "Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the State Court as soon as the defendant was required to make any defense whatever in that Court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the Circuit Court of the United States."

The language of that act—"to answer or plead to the declaration or complaint"—is quite different from that of this rule, especially when the latter is taken in connection with the statute, and the reasons given by the Supreme Court for removal when any defense is required to be made, do not apply to this rule. We can well understand why it is desirable to have all questions, whether raised by demurrer, plea or answer, determined in the Federal Court, if the case is to be removed to one of them. It sometimes happens that Federal Courts decline to follow the decisions of the Courts of the State in which they sit, and if a case is partly tried, on demurrer or otherwise, in a State Court, and is then removed to a Federal Court, there is a possibility, if not a probability, of conflicting rulings in the same case. So it is doubtless wise to have all questions decided by the Federal Court which is finally to dispose of the case, and the Supreme Court was of the opinion that Congress so intended. But it is not necessary to further discuss the cases construing the Act of Congress, as we must be governed by the language of the rule, taken in connection with the statute, and we are satisfied that it can not properly be interpreted to mean that the election must be made before a demurrer is disposed of, when the Court has extended the time of filing pleas until after it is

decided and the election has been made within that time. That is the case now before us.

The appellant also cited a number of cases which arose on removals from State to Federal Courts, to show that the election must be made within the original time, and not within the time as extended by an order of Court, but they have no bearing on this case, by reason of the language of the statute and of the rule itself. As we have seen, the rule does not prohibit the election after the regular rule day, which is "before the next succeeding return day", but "after the time allowed by law to plead", which time is "before the next succeeding return day * * * unless the Court for good reason shall have granted said defendant further time to plead". If the Court has granted such further time, that time, and not before the next succeeding return day, is "the time allowed by law to plead". We have been referred to no other statute or rule which fixed August 12th as the time allowed by law for these defendants to plead, and the Court, evidently by virtue of the authority vested in it by the statute which we have been considering, by its order in effect said, that the defendants need not plead by August 12th, but could plead at any time within fifteen days after it determined whether it was necessary for them to plead at all—that is to say, after its decision on the demurrer.

Without further prolonging this opinion, we will affirm the order appealed from.

> *Order affirmed, the appellant to pay the costs.*