# WILLIAM C. WAGNER

*vs.*

# BENJAMIN L. FREENY AND GEORGE WASHINGTON WILLIAMS, RECEIVERS.

*Rules of Court: review on appeal. Partnership: bill for accounting and dissolution; allowance of counsel fees. Appeals: in equity; appellant must show real interest.*

Where the rule of a Circuit Court is set forth in the record, authenticated by the certificate of the judge before whom the case is tried, as being then in force, the Court of Appeals may review the application of the rule made by the Court below.

p. 31

A bill was filed by one partner for the appointment of a receiver to wind up the partnership affairs, on the ground of irreconcilable differences and because of the temporary character of the partnership and the failure and refusal of the other party ever to give any account; a receiver was appointed as prayed, with an order *nisi* in the usual form; the bill had not alleged that the partnership was insolvent or that the financial assets would be inadequate to pay all of its creditors; upon an appeal by a creditor from the action of the Court, in overruling his exception to the ratification of the receivers' account by the auditor, allowing a fee of $150 to the attorney who filed the bill for the receivership, it was: *Held,* that as the

estate was not alleged to be insolvent, and as it nowhere appeared that the assets were insufficient to pay the creditors' claims, the allowance of the fee worked no injury to the excepting creditor, and the order of ratification should not be overruled. pp. 30-31

To sustain an appeal from an order of a court of equity, the appellant must show a real interest in the determination of the questions involved. p. 31

*Decided March 18th, 1914.*

Appeal from the Circuit Court for Baltimore County. (In Equity.) (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and CONSTABLE, JJ.

*John Holt Richardson,* for the appellant.

*Morrill N. Packard,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County, in Equity, overruling exceptions to the allowance of a fee of $150.00 to Mr. Morrill N. Packard, an attorney at law, and finally ratifying and confirming the auditor's account so allowing the fee.

The appellant filed exceptions to the allowance of the counsel fee and alleges as grounds therefor:

(1) That he is a creditor of the partnership of Wagner & Lehneis, and has duly filed his claim in this cause.

(2) That he excepts to the auditor's account filed in the above cause, in that one Morrill N. Packard is allowed a counsel fee of one hundred and fifty dollars, for filing the bill in the above cause.

(3) That the allowance of said fee is illegal.

(4) And for other reasons to be assigned at the hearing.

The questions raised for our consideration arise, in the following manner: On the 18th of June, 1912, Mr. Morrill N. Packard, as solicitor for Adam Lehneis, filed a bill in the Circuit Court for Baltimore County for the appointment of a receiver for the partnership business of Adam Lehneis and John C. Wagner, co-partners trading as Lehneis and Wagner, or as Wagner & Lehneis, Incorporated, as subsequently agreed upon. The terms, character, and stipulations of the co-partnership, are fully set out in the first, second and third paragraphs of the bill filed on behalf of the plaintiff against the defendants, John C. Wagner and Wagner & Lehneis, Incorporated.

By the fourth paragraph of the bill, it is alleged, that irreconcilable differences have arisen between the partners and the partnership being one practically at will, either party having the right to withdraw and insist upon closing the business, and the situation is such that this is about to happen to the great detriment and loss of the business and the partners, your complainant and the said John C. Wagner.

By the fifth paragraph it is stated, that in view of the said irreconcilable differences that have arisen between said partners and the present temporary character of said co-partnership the business is in great danger of going to pieces involving great waste in the assets and the good will thereof destroyed and that your complainant is unwilling under the circumstances to continue said business or partnership with the said defendant, John C. Wagner.

By the sixth paragraph it is averred, that notwithstanding that the defendant, John C. Wagner, was by the agreement as aforesaid to have charge of the books, accounts, cash and finances of the said co-partnership and has, in fact, so had charge of them from the commencement of said business until the sixth day of May, 1912, he has never rendered a full and complete account to your complainant of the amount of capital put in by each partner, nor of the amount of purchases made, of goods sold, of cash collected and expended, or of the amount and kind of property owned by and on behalf of said co-partnership, although repeatedly urged and requested so to do. And that John C. Wagner has declared his intention of applying for a receiver for the co-partnership business.

The prayer of the bill asks for the appointment of a receiver and an accounting as follows: "To appoint a receiver for said partnership business of Adam Lehneis and John C. Wagner; together with all its books, accounts, property and assets of every kind; to sell the property and business, to collect the outstanding accounts and administer the same under the supervision of this Honorable Court and to require the defendant "Wagner & Lehneis, Incorporated," to turn over to said co-partners or the receiver of said co-partnership all the property and assets in its possession belonging to said co-partnership and to which they may be entitled; that the defendant, John C. Wagner, may be required to render a full, complete and itemized account of the capital contributed by each of said partners; to furnish an itemized statement of everything purchased, sold or on hand belonging to said co-partnership; and to render a full and itemized account of all cash money received, and from whom, and paid out, and to whom, for and on account of said co-partnership; and that your complainant may have such other and further relief as the exigencies of his cause may require."

On the 19th of June, 1912, the defendant, John C. Wagner, answered the bill, consenting to the appointment of receivers, and on the same day the Court passed the following order:

"Upon the petition, answer and affidavit, it is ordered this 19th day of June, 1912, that Geo. Washington Williams and Benjamin L. Freeny, Esqs., be and they are hereby appointed receivers to take charge of and administer the affairs of the co-partnership upon the filing of a bond in the sum of ten thousand dollars in accordance with the provisions of the order *nisi* attached to the petition.

FRANK I. DUNCAN."

The *nisi* order referred to, was the usual order passed in such cases, and directed the appointment of a receiver, to take charge of the property, business and assets of the firm or co-partnership, together with its books, plant, good will and fixtures, and to be held subject to the further order of the Court. And it was further ordered that Wagner and Lehneis, Incorporated, turn over to Adam Lehneis and John C. Wagner, co-partners, or to the receiver therefor, all the property and assets in its possession belonging to the co-partnership and to which it may be entitled.

On the 24th of September, 1912, the following petition was filed by Mr. Packard, asking for the allowance of a fee for the legal services rendered by him in the case, and with this petition was filed a certificate of two members of the Baltimore County Bar, stating that the sum of one hundred and fifty dollars, in their opinion, would be a fair and reasonable fee for the services rendered and set forth in the petition.

The petition is as follows:

*First*—That heretofore your petitioner, at the request and employment of Adam Lehneis, one of the co-partners mentioned in this proceeding, for and on behalf of the co-partnership, prepared the bill of complaint and entered the pro-

ceedings herein for the appointment of a receiver and for the winding up of the affairs of the co-partnership.

*Second*—That it was a laborious task, involving much detail work and examination of the status of the co-partnership, and that it was a necessary professional employment and service performed for the benefit of the co-partnership and to its creditors, in that it has resulted in preserving the assets of said concern from waste, to the great benefit of all concerned.

*Third*—That as a result of the proceedings there has been saved of the assets, by the industry and care of the receivers, funds amounting to about five thousand dollars, which would otherwise have been lost or squandered in consequence of the great antagonism between the said co-partners, as is fully shown in the bill of complaint and answer thereto.

The Circuit Court for Baltimore County, on the 24th of September, 1912, upon this petition, affidavit and certificate directed the receivers to pay the counsel fee in question out of the funds coming into their hands in the proceedings, and the fee was thereupon allowed by the auditor's report and account of expenses subsequently filed in the case. This expense account was ratified and confirmed by the Court on February 10th, 1913, except as to the allowance of counsel fee, to which exceptions had been filed. On the 17th of May, 1913, the exceptions filed to the allowance of the fee were also overruled and the auditor's expense account was finally ratified and confirmed, and from this order this appeal has been taken.

The single objection urged by the appellant, in both his exceptions and brief, to the allowance of the fee, is, that the fee is illegal and contrary to Equity Rule No. 34 of the Circuit Court for Baltimore County. This rule is set out in the record, and being authenticated by the certificate of the judge who sat in the case, as now in force, is properly before us: *Baltimore City* v. *Thomas,* 115 Md. 214.

The rule is as follows: "No application to the Court for allowance of counsel fees will be entertained, except the application of attorneys for trustees, receivers, guardians and administrators in cases where estates are being administered under the care and direction of this Court, where the nature of the trust and the circumstances of the case require the employment of an attorney, or in suits for divorce, or in cases where parties to suits are infants, or from some other cause are incompetent to contract, or in creditors' suits where the case is conducted to a conclusion for the general benefit of the creditors, or in cases where one or more of the parties may be a non-resident or non-residents."

It is urged by the appellant, that as the plaintiff's bill, is not filed, by a creditor and there is no allegation of insolvency of the co-partnership, it cannot be treated as a creditors' suit within the meaning of Rule 34, just cited, but in fact, was a bill instituted for the appointment of a receiver and the dissolution of a partnership, for the benefit of the plaintiff.

The Court below overruled this objection and held, that as the object of the bill was to bring into Court, a fund for the benefit of creditors, to be administered by the Court for this purpose, it should be regarded as a creditors' bill or a bill in the nature of a creditors' suit and therefore within the rule.

But assuming without deciding, that the bill in this case was not a creditors' suit, as contended by the appellant and the Court below was wrong in holding that the fee should be allowed, under the rule, out of the estate, in what way does it affirmatively appear from the record now before us, that the appellant has been injured by the ruling?

The bill does not allege that the co-partnership is insolvent, or that the property and assets of the firm would be inadequate to pay the creditors of the estate. It is true that the appellant states in his exceptions that he is a creditor of the partnership and has duly filed his claim in the case, but it nowhere appears from the record that he is a creditor to such an extent that the funds in the hands of the receivers will not be sufficient to pay his claim or the claims of the other cred-

itors of the estate. He states no amount, nor does he file or refer to any voucher as to his own claim or the amount of the claims of the other creditors of the estate.

It clearly appears from the auditor's report and account, filed in the case, that the receivers have collected the sum of $5,305.27 and after deducting the expense account, as stated, the receivers have in hand the sum of $3,904.73 for distribution.

In other words, the appellant has failed to show that he has such an interest in the determination of the question here involved or in the construction of the rule of Court presented, as will entitle him to maintain an appeal in this Court from the order allowing the fee.

This view is supported by numerous decisions of this Court, where similar appeals, have been disposed of. *Pratt* v. *Johnson,* 6 Md. 399; *McColgan* v. *McLaughlin,* 58 Md. 499; *Simms* v. *Lloyd,* 58 Md. 477; *Gordon* v. *Miller,* 14 Md. 209; *Glenn* v. *Reid,* 74 Md. 238; *Preston* v. *Poe,* 116 Md. 2; *McDonald* v. *The Bldg. Asso.,* 60 Md. 590; *Miller's Equity,* sec. 354, and cases there cited.

As it is clear that the appellant does not occupy such a position in this case, as entitles him to maintain an appeal, it follows, that the appeal must, therefore, be dismissed.

*Appeal dismissed, with costs.*