(118 So. 644)

JEFFERSON COUNTY BURIAL SOC. v. SCOTT. (6 Div. 920.)

Supreme Court of Alabama. Nov. 15, 1928.

Erle Pettus, of Birmingham, for appellant.

Ewing, Trawick & Clark, of Birmingham, for appellee.

FOSTER, J. █ The complaint was copied from that in the case of Southern L. & H. Ins. Co. v. Morgan, 21 Ala. App. 5, 105 So. 161. In that case the cause of action did not consist of withholding a dead body, but of withholding a certificate of death, essential to a permit for its due burial. As pointed out there, the nearest relation may maintain an action for unwarranted interference with the burial of the body. So the unwarranted withholding of the body from such relation will give a cause of action. 17 C. J. 1144; Renihan v. Wright, 125 Ind. 536, 25 N. E. 822, 9 L. R. A. 514, 21 Am. St. Rep. 249 (see citations).

█ The complaint does not allege that the father of deceased is dead, or why he is not the one entitled to maintain the suit, or that plaintiff, the mother of deceased, was the nearest relation. 17 C. J. 1145. But if the mother is entitled to the possession of the corpse she may recover. The complaint alleges that defendant obtained from plaintiff the remains. Defendant cannot deny the plaintiff's right therefore to it, unless the custody is demanded by one having a better right. The complaint alleges a wrongful refusal to surrender. This means a refusal without legal cause. It is not necessary to specify why or wherein it was without legal cause. The complaint alleges a failure and refusal to surrender on her demand. There is no principle of law requiring that the demand must be according to any rule as to time or place or manner. The complaint is not therefore subject to the demurrer.

█ On one aspect of the evidence the jury could infer that the defendant detained the body for one day from Thursday to Friday after demand, and for refusal to pay $20 as charges. He could not detain the body as security for his charges. The general affirmative charge for defendant was properly refused.

█ The complaint claimed special damages. There was alleged no act of want of respect for the body or the plaintiff. No aggravating circumstances, nor willful misconduct, are alleged. No exemplary damages are justified without some such allegations. 8 R. C. L. 698. No claim was made for mental pain and anguish. She would only be entitled therefore to compensatory damages, such as were alleged and may have been proven as the proximate result of the wrong complained of. The court in its oral charge instructed the jury on the subject of damages:

"If there was a wrongful detention of the remains after a reasonable demand, the plaintiff would be entitled to recover such damages as you reasonably believe from the evidence she is entitled to recover."

Exception was noted to this charge. It left the jury without rule to guide them. They should have been instructed as to the legal method by which the amount should be ascertained. There was no rule or guide furnished by the court elsewhere in his charge by which the jury should act in fixing the amount of damages. The law in such cases as set out and claimed in the complaint limits the recovery to the amount of reasonable compensation necessary to reimburse plaintiff for the damages proximately sustained and claimed in the complaint and proven to the reasonable satisfaction of the jury. Southern L. & H. Ins. Co. v. Morgan, supra; 8 R. C. L. 698.

Appellee in brief relies on a failure to comply with what is called rule 4 of the circuit court of Jefferson county, as follows:

"A party excepting to a part of the charge of the court to the jury must distinctly state the grounds of such exception, which grounds must specify or point out wherein or why such part of such charge is defective or erroneous."

█ There is nothing in the transcript showing the adoption of this rule as provided in section 6689 of the Code. The rule is thereby required to be entered "in full on the minutes of the court." In the present state of the record, in order to give consideration to this rule, it is necessary for us to take judicial knowledge of it. This we cannot do, It seems to be generally held that—

"Court rules [of trial courts] are no part of the record proper, and cannot be considered unless embodied therein by bill of exceptions, case or statement of facts, and the practice of having the clerk copy the rule into the record has been condemned." 4 C. J. 102; 2 R. C. L. 125; J. I. Case Threshing Machine Co. v. Meyers, 78 Neb. 685, 111 N. W. 602, 9 L. R. A. (N. S.) 970; Bennett v. Bennett, 106 Md. 122, 66 A. 706, 19 L. R. A. (N. S.) 121; Johnston v. Callahan, 146 Cal. 212, 79 P. 870; Lehman v. Goshen, 178 Ind. 54, 98 N. E. 1, 710.

The method most generally adopted seems to be that the rule of the trial court must be either (1) in the bill of exceptions, or (2) certified by the trial court as duly adopted and in effect, or (3) by agreement of counsel.

Wagner v. Freeny, 123 Md. 24, 90 A. 774; Baltimore v. Thomas, 115 Md. 212, 80 A. 726. We adopt the foregoing as applicable to our practice.

We will not consider the alleged rule 4, therefore, for the reason that it is not properly before us, nor shown to be properly adopted and on the minutes of the circuit court. We do not intend to imply what bearing it would have if properly brought to our attention. Reference was made to this rule in Hale v. Brown, 215 Ala. 177, 110 So. 376. The court did not base its decision on the rule, but merely referred to it after holding that the charge under consideration was properly given. See Brown v. McKnight, 216 Ala. 660, 114 So. 40.

The result is that the court erred in the general charge as pointed out in the exception under consideration.

■ The court also instructed the jury as follows:

"Under that state of the pleadings, gentlemen of the jury, the burden is upon the plaintiff to reasonably satisfy you from the evidence in the case as to the truth of the averments of the complaint before she would be entitled to recover of the defendant, and if she does so reasonably satisfy you as to the truth of the material averments of the complaint, then she would be entitled to recover of the defendant, unless you are further reasonably satisfied as to the truth of the defendant's plea of being not guilty."

Exception was noted to the last clause, to wit, "unless you are further reasonably satisfied as to the truth of the defendant's plea of not guilty." Objection is made that this placed on defendant the burden of proving the plea of the general issue. This would of course be error, if so interpreted. We do not think that the clause considered in the connection in which it is used has this meaning. By the plea of not guilty, the burden is placed on plaintiff to reasonably satisfy the jury as to the truth of the averments of the complaint, and the court so instructed the jury. The statement as a whole is not an erroneous one. It may be confusing and subject to explanation if appellant thought advisable. But we conclude it does not mean that the burden is on defendant to reasonably satisfy the jury of the truth of the general issue.

■ Exception is noted to the following portion of the oral charge:

"It is for you to say whether defendant worked any wrong on the plaintiff or not."

It is insisted this does not limit the right to the wrongs alleged in the complaint. The court had just read the complaint in full and stated the issues for the jury to decide. Immediately following this portion of the charge, the jury is instructed that there must have been a wrongful detention of the remains after a reasonable demand. Taking the charge as a whole, we conclude that the wrong referred to in this connection is sufficiently related to the wrong alleged in the count, and appellant has no just complaint of this statement.

■ Charge (a) should have been given. The evidence did not tend to show that plaintiff's failure to attend the burial of deceased was due to any alleged wrong of appellant. There is nothing to show why she did not attend. Others did attend it. She obtained the body from defendant Friday, and did not bury it until Monday. While this charge was held properly refused in the Morgan Case, supra, there was evidence to sustain that element of damage in that case.

■ Charge (b) was properly refused. There was one aspect of the evidence which tends to show that on Thursday she asked for the body, and it was held for $20, but was delivered on Friday on the payment of $10. If defendant detained the body on demand Thursday, for failure to pay $20, this was without legal cause. This charge therefore invades the province of the jury.

Charge 4 invades the province of the jury, and was properly refused.

■ Charge 3 was properly refused. If defendant improperly detained the body from Thursday to Friday, we cannot say that only nominal damages should be awarded.

■ The membership and burial certificate, alleged to have been issued by defendant, had no proper bearing on the issues of this case. There is no contention that it tended to show a wrongful detention of the body, nor shed any light on the issues. Neither party bases any claim upon said certificate. The basis of the suit was not a refusal to bury in violation of contract or duty, but an alleged wrongful detention of the remains from its legal custodian. The question was quite different in the Morgan Case, supra. It was of course competent to prove the conversations with defendant's manager relating to the disposition of the body, also its condition, and evidence of the time when it was buried. There was no error relating to such matters.

We conclude that there were errors to reversal as pointed out above.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.