187 So. 706

**WASSON et al. v. COOPER.**

**8 Div. 903.**

Supreme Court of Alabama.

March 16, 1939.

Rehearing Denied April 13, 1939.

J. N. Powell, of Hartselle, and Newton B. Powell, of Decatur, for appellants.

Chas. H. Eyster and Philip Shanks, Jr., both of Decatur, for appellee.

GARDNER, Justice.

The original bill was by appellants M. L. Wasson (the wife of P. L. Wasson) and P. L. Wasson seeking the cancellation of a mortgage executed to appellee Eula L. Cooper by M. L. Wasson and P. L. Wasson on the real estate therein described, and was rested upon the theory the property was that of the wife, and the mortgage was executed to secure a debt of the husband. Section 8272, Code 1923.

Defendant, Eula L. Cooper, answered the bill denying the debt was that of the husband, and the answer was made a cross-bill with a prayer for the foreclosure of the mortgage.

Decree pro confesso against the cross-respondents was duly had, but subsequently set aside and answer was filed a year following the filing of the original bill, that is, on May 12, 1937.

To the date of December 15, 1937, original complainants had taken no testimony or other steps leading to a submission of the cause on the merits, and the chancellor ordered that complainants take and file their testimony within sixty days. This was not done, and defendant proceeded with her testimony, with counsel for complainants appearing and cross-examining the witnesses.

The mortgage, duly signed by original complainants, was properly acknowledged and duly recorded, and was introduced without objection. The mortgage was self-proving. Sections 6861 and 7663, Code 1923. The notes were likewise so introduced, and defendant, cross-complainant, testified to only one interest payment being made thereon. The mortgage not only carried upon its face evidence of its identity, but defendant sufficiently identified the same, and that it was past due and unpaid.

That cross-complainant made out her case is too clear for discussion. Cox v. Brown, 198 Ala. 638, 73 So. 964.

Appellants in brief make the point that three days' notice of the taking of testimony was required by the rules of the trial court, which was not given. There is nothing in the record indicating the existence of any such rule, and under the authority of Jefferson County Burial Association v. Scott, 218 Ala. 354, 118 So. 644, is not here to be considered. Moreover, appellants were duly represented by counsel who participated in the examination of

548

the witnesses and offered no objections, and made no suggestion for delay, or gave any indication that further notice was considered desirable. This would constitute a waiver of any such alleged rule. Moore v. Easley, 18 Ala. 619; Ex parte Henderson, 84 Ala. 36, 4 So. 284.

The chancellor was fully justified in dismissing the original bill. Submission for final decree was had on motion of defendant, Eula L. Cooper, after due notice given to these appellants, and the order of submission, after reciting that ten days' notice of the motion had been given, states that no cause was shown why the submission should not be had. And we may add no reason to the contrary appears in the record, as here presented, and upon final decree complainants to the original bill having offered no proof, a dismissal of their bill was due as a matter of course.

The record before us makes out a clear case for the foreclosure decree that was entered, and discloses full indulgence by the chancellor to the original complainants for the purpose of preparing their case for trial, which they apparently deliberately declined to do.

The motion of complainants to set aside the final decree was unsupported by proof, and sufficiently answered by what has been said. It needs no further discussion.

The decree is correct, and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.